## C. H. HALL *et al.* v. STATE.

No. A-2835.  Opinion Filed March 19, 1918.

(171 Pac. 347.)

**APPEAL AND ERROR—Review—Question of Fact.** This court will not reverse a judgment of the trial court for lack of evidence where there is evidence in the record reasonably tending to sustain the judgment.

*Appeal from County Court, Ottawa County;*
*Vern E. Thompson, Judge.*

C. H. Hall and O. W. Davis were convicted of violating the prohibitory law, and they appealed.  Affirmed.

*Don M. Crump, M. G. Bailey,* and *W. J. Crump,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  The plaintiffs in error, C. H. Hall and O. W. Davis, were jointly charged, tried, and convicted in the county court of Ottawa county upon an information charging that in said county on or about the 21st day of March, 1916, they did have in their possession "150 quarts

of whisky with the wrongful and unlawful intent to dispose of the same in violation of the prohibitory liquor law of the State of Oklahoma." The jury failed to fix the punishment. July 20, 1916, the court rendered judgment and sentenced the defendant Hall to be confined for 30 days in the county jail and to pay a fine of $350, and sentenced the defendant Davis to be confined in the county jail for 30 days and to pay a fine of $500. From the judgments the defendants appeal.

The errors are based upon the alleged insufficiency of the information, upon the rulings of the court on the evidence, and the alleged insufficiency of the evidence to sustain the verdict.

To a correct understanding of the case so far as it involves the sufficiency of the evidence, the following is a brief statement of the same:

W. P. Kimball, night policeman in the city of Miami, and Guy Parker, a police officer, received a phone message, and in response thereto went to a certain place in the city of Miami and found an automobile loaded with 150 quarts of whisky.

Kimball testified that he knew the defendants, and on the 21st of March, 1916, he received a message that there was an auto coming from the north traveling at a high rate of speed, and with Policeman Parker he went to meet it; that, after going several blocks, they found a car stalled at the foot of the hill; that the defendant Hall was standing behind a stump near by, and shortly afterwards the defendant Davis and one Dave Pounds appeared with a team, and they arrested Davis; that he had a rope with him; that the car was a five-passenger Ford; that they searched Hall behind the stump, and

found on his person a number of 38 cartridges and a scabbard in the lap robe, and also found a 38 Smith & Wesson pistol near where he was standing; that Kimball asked him if he was in the habit of coming through there with booze, and he said this was his third trip, and that he was not in the habit of hauling whisky, but he was in Joplin and thought he might as well pick up a few easy dollars as not; that the defendant Davis also had a pistol on him.

Guy Parker testified that it was about two o'clock in the morning when he, with Mr. Kimball, reached the car; that there were 148 quarts of whisky in the car; that when Davis and Pounds came they dropped a double-tree, and Davis had a rope in his hand; that later he found a tag on the inner tube of the car that had the name of "Davis" on it.

Pounds testified that he was a transfer man in Miami; that about 2 o'clock in the morning the defendant Davis came to his barn and wanted him to come and get his machine out; that he took a team, rope, and doubletree, and went with him; that the car was down in a hollow, and when they reached there Policeman Kimball pulled a gun and ordered them to hold up their hands.

For the defense Earl Jackson testified that he saw two men driving a car south in the direction of where the car stopped; that it was a moonlight night, and the two men he saw in the car were not the defendants, Davis and Hall.

Earnest McLemore testified that he lived at Haskell, and the defendants, Davis and Hall, lived at Haskell; that Hall never owned a car, that Davis owned a five-passenger

Ford, but sold' it about two weeks before to a man that worked for an oil company.

It is a sufficient answer to the contentions made in the defendants' brief that no demurrer was filed to the information.    However, we find that the information is sufficient in every way.    In fact, we find nothing in the record of which the defendants have any just complaint. Counsel urge that the allegation in the information is possession with the "unlawful intent to dispose of the same," and that there was no evidence showing such intent.    The evidence shows possession of 148 quarts of whisky. That in itself was sufficient to submit the issue to the jury.

Various criticisms are made in the defendants' brief upon the instructions given.    We find that the charge of the court fully and fairly covered the law of the case, and the criticisms made are not well founded.

It is apparent that justice has been done, and the judgment of conviction ought not be reversed, except for some plain error in the proceedings which was or might be prejudicial to the defendants.    We find no such error in the record.

The judgment appealed from is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.