## J. H. VAUGHAN v. STATE.

No. 2941. Opinion Filed May 25, 1918.

(172 Pac. 975.)

1. **INTOXICATING LIQUORS—Unlawful Sale—Sufficiency of Evidence.** In a prosecution for an unlawful sale of intoxicating liquor, evidence held sufficient to sustain a conviction.

2. **APPEAL AND ERROR — Conviction — Sufficiency of Evidence.** Evidence will not be held to be insufficient to support a judgment of conviction, where there is any reliable evidence on which jury might have reasonably concluded that defendant was guilty, as the court may not substitute its judgment on questions of fact for that of the jury.

*Appeal from County Court, Atoka County;*
*W. M. Rainey, Judge.*

J. H. Vaughan was convicted of the offense of selling intoxicating liquor, and sentenced to pay a fine of $50 and to serve 30 days in jail, and appeals.   Judgment affirmed.

*Jones & McCasland,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   But one question is presented by counsel for plaintiff in error as a reason for the reversal of this judgment, to wit, that the evidence is insufficient to sustain the same.   The entire evidence is from witnesses who were produced by the state.   The defendant did not testify, nor did he offer any witnesses in his behalf.

In substance, the state's witnesses testified that in the month of February, 1916, they had collected at the residence of Robert Weathers, the son-in-law of plaintiff in error, Vaughan, in Atoka county, Okla.; that Weathers was in possession of a barrel of Choctaw beer, which was intoxicating, and that several parties drank three or four gallons of this beer on that occasion.   All of the parties testified that Vaughan was given a sum of money, either $1 or $2, for the amount of beer drunk on that occasion, and that Weathers drew the same from the keg.   The parties testified that they did not know who owned the beer; that nobody claimed it; but the evidence showed that both Weathers and Vaughan, who were jointly charged with making the sale, were in active control of this beer, and together were peddling same. There is no disputing the fact that there was a sale of intoxicating liquor, called Choctaw beer, on that occasion, and that the defendant, Vaughan, was actively participating in such sale together with his son-in-law, Weathers.   This evi-

dence stands undisputed and undenied, and is amply sufficient to sustain this verdict and judgment of conviction.

Under the repeated holdings of this court, the evidence will not be held to be insufficient to support a judgment of conviction, where there is any reliable evidence from which the jury might have reasonably concluded that the defendant was guilty. The court is not at liberty to substitute its judgment on questions of fact for that of juries in this state.

The judgment is affirmed.