## BROWNLOW NEWTON v. STATE.

No. A-2961.   Opinion Filed August 24, 1918.

(174 Pac. 289.)

1. **APPEAL AND ERROR—Convictions—Reversal.** It is not the policy of the Criminal Court of Appeals to set aside verdicts or judgments of conviction where they are sustained by credible evidence, though there be a sharp conflict between the testimony of the witnesses for the state and for defendant.

2. **INTOXICATING LIQUORS—Unlawful Sales—Sufficiency of Evidence.** Evidence in a prosecution for the unlawful sale of intoxicating liquors **held** insufficient to sustain a conviction.

3. **WITNESSES—Corroboration of Impeached Witness.** Where the testimony of the prosecuting witnesses had been thoroughly impeached, the state not attempting to show that their reputation for truth and veracity was good, the admission of evidence to bolster the testimony of one of the prosecuting witnesses was prejudicial to defendant.

*Appeal from County Court, Kiowa County;*
*J. S. Carpenter, Judge.*

Brownlow Newton was convicted of selling intoxicating liquor, and he appeals.   Reversed.

*J. F. Thomas,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   This is an appeal from the county court of Kiowa county, wherein one Brownlow Newton was convicted of selling whisky to one Lige Everett, and his punishment fixed at imprisonment in the county jail for 30 days and a fine of $50.

Numerous errors are assigned as ground for reversal of the judgment.   The conviction was based upon the uncorroborated testimony of Lige Everett, and his

brother, A. C. Everett, and both of these witnesses were impeached as to truth and veracity by numerous of their neighbors who had known them for many years. The defendant was also proven to be a farmer whose reputation as an honest, law-abiding citizen was good.

After the defendant had shattered the reputation for truth and veracity of both of the prosecuting witnesses, the state was permitted, over the objection of counsel for the defendant, to place the father of the prosecuting witnesses upon the stand to testify to the fact that his son, Lige Everett, had been addicted to drinking whisky, and that he had persuaded him to turn in several parties in that neighborhood whom Lige said had sold him whisky at various times. This evidence was admitted solely for the purpose of bolstering the testimony given by Lige, who was thoroughly impeached. The verdict was not the unanimous opinion of the entire jury, but was signed by only five of them. There was no attempt made to show upon the part of the state that the reputation of either of the boys for truth and veracity was good. There was also evidence in the record to show that there was considerable animosity against Newton on the part of the Everetts, and it was admitted by the prosecuting witnesses that they were glad of an opportunity to prosecute Newton.

It is not the policy of this court to set aside verdicts of juries or judgments of conviction where the same are sustained by credible evidence, even though there may be a sharp conflict between the testimony of the state's witnesses and those for the defendant, but the material evidence in this case to sustain this conviction appears to be entirely incredible and unworthy of belief. The defendant absolutely denied any connection with the sale of whisky

at the time and on the occasion testified to by either of the Everett boys, or on any other occasion. He had never before been charged with crime, had been a farmer living in that community for years, and had, as heretofore stated, borne a good reputation as a law-abiding citizen. In the face of all these facts, and in view of what we consider the introduction of prejudicial evidence against him, we think it would be a miscarriage of justice to permit this conviction to stand.

The judgment is therefore reversed.