## GUS FELAS v. STATE.

No. A-3118—Opinion Filed July 19, 1919.

Rehearing Denied January 12, 1920.

(185 Pac. 839.)

1. **APPEAL AND ERROR—Convictions on Conflicting Evidence— Review.** A verdict of conviction on conflicting evidence will not be disturbed by this court where there is any competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty of the crime charged.

2. **INTOXICATING LIQUORS—Possession With Intent to Sell— Evidence—General Reputation of Place.** The general reputation of the place where intoxicating liquors are kept for sale, on a charge of unlawful possession of intoxicating liquors with intent to sell same in such place, **held** admissible under the facts of this case.

3. **APPEAL AND ERROR—Culpable Defense—Instructions—Reversal.** Where the defense interposed is culpable within itself, instructions of the court given over the objection and exception of the defendant, and inartificially drawn, constitute no ground for reversal.

*Appeal from County Court, Pittsburg County;*
*S. F. Brown, Judge.*

Gus Felas was convicted of the offense of unlawful possession of intoxicating liquors, and he appeals. Judgment affirmed.

*Andrews & Anderson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. No new questions are raised in this appeal. Gus Felas was convicted in the county court of Pittsburg county of the crime of having unlawful possession of intoxicating liquors with intent to sell the same,

and his punishment fixed at a fine of $250 and imprisonment in the county jail for a period of 60 days.

The evidence on the part of the state showed that the defendant had in his possession a large amount of Choctaw beer, which was contained in two 5-gallon kegs, one 10-gallon keg, and 29 or 30 quart bottles, on the premises of the defendant in the city of McAlester, on the 27th day of August, 1916. These premises were located on Stonewall avenue near the state penitentiary, and at the time the officers made the raid and found the liquor, five or six men were sitting around a table on the premises of the defendant drinking Choctaw beer from quart bottles. Some of the bottled beer was hidden in a stove on the premises, and one of the kegs was found in a cave or storm cellar. The evidence on the part of the state's witnesses was to the effect that this was an intoxicating beverage.

The defendant admitted having possession of the liquor, but denied that it was intoxicating, although his wife, who was a witness in his behalf, testified that it "wouldn't make you drunk for two or three days after it was made"; also, that it was not fit to drink for two or three days.

The only controverted questions of fact were as to the intoxicating qualities of the beverage, and also as to the intent of the defendant to dispose of the same in violation of law. The evidence is conflicting as to the intoxicating properties of this beverage, but there is evidence in the record which, if believed, would authorize the jury to reasonably conclude that the beverage was intoxicating. Under circumstances such as this, the verdict and judgment will not be disturbed because of the insufficiency of

the evidence. *Vaughan v. State,* 14 Okla. Cr. 475, 172 Pac. 975; *Hall v. State,* 14 Okla. Cr. 379, 171 Pac. 347; *Tittle v. State,* 14 Okla. Cr. 562, 174 Pac. 295; *Newton v. State,* 14 Okla. Cr. 569, 174 Pac. 89.

As to the unlawful intent, the defendant and his witnesses admitted that it had been his custom to dispense Choctaw beer to all persons who were customers of his in the grocery store conducted on the premises whenever they paid their bills, but he said he did not charge them anything for the beer, merely making a gift to those who were kind enough to promptly pay their grocery bills if they liked the beer.

This defense was culpable within itself. It is evident that if this court would condone such a practice a state-wide system of manufacturing and dispensing intoxicating beverages under the guise of gifts or social drinks would arise in this state, which would lead to results as disastrous as the open saloon. The defense interposed, therefore, in the opinion of the court, did not entitle the defendant to an acquittal. He had no right under the laws of this state to dispense intoxicating liquors in any such manner, for the evident purpose of inducing trade in the grocery business and prompt payment of such accounts.

The state was permitted, over the objection and exception of the defendant, to introduce evidence to show that the general reputation of the premises of the defendant was that it was a place where Choctaw beer could be bought. Witnesses for the state testified, preliminary to this evidence, that the defendant's premises was a place of public resort where people congregated for the purpose of drinking Choctaw beer, and that people under the influence of intoxicants had frequently been seen on such

premises. This evidence was admissible under the proof in this case. *Ward v. State,* 15 Okla. Cr. 150, 175 Pac. 557; *Dunbar v. State,* 15 Okla. Cr. 513, 178 Pac. 699.

Certain instructions given by the court are complained of, and while the same are inartificially drawn, in view of the defense interposed, it cannot be said that the defendant was prejudiced by the court's instructions, or that the jury was misled thereby.

The judgment is affirmed.