## DAN WARD v. STATE.

No. A-2671.    Opinion Filed November 2, 1918.

(175 Pac. 557.)

1. **INDICTMENT AND INFORMATION — Information — Venue.** Information examined, and **Held** sufficient to show that the venue of the action was in the county court of Tulsa county, Okla.

2. **WITNESSES—Reputation Evidence—Foundation.** It is sufficient predicate for the admission of reputation evidence that the witness has sworn that he knows the general reputation of the place in issue for the particular kind of business, provided such general reputation relates to the time of the offense and the locality of the place, and is material to the issue.

3. **INTOXICATING LIQUORS—Possession With Intent to Sell— Reputation of Place—Evidence.** Where the evidence discloses the possession of intoxicating liquors in a place of public resort fitted up with all the fixtures and appurtenances of a liquor saloon, the general reputation of such place as a place where intoxicating liquors are kept for sale, is admissible on the question of intent, where the crime charged is the unlawful possession of intoxicating liquors with intent to sell the same.

*Appeal from County Court, Tulsa County;*
*J. W. Woodford, Judge.*

Dan Ward was convicted of the offense of having unlawful possession of intoxicating liquors, and his punishment fixed at a fine of $250 and imprisonment in the county jail for 90 days, and he appeals. Affirmed.

*Pat Malloy* and *E. M. Gallaher*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

MATSON, J. The first assignment of error relied upon for reversal of this judgment is:

"That the court erred in overruling the demurrer of the defendant to the information."

The information under which this prosecution was had is as follows:

"State of Oklahoma, County of Tulsa. In the County Court within and for Said County and State. The State of Oklahoma, Plaintiff, v. Dan Ward, Defendant. Information for Unlawful Possession of Intoxicating Liquors. Be it Remembered: That Ed Crossland, the duly qualified and acting county attorney for Tulsa county, Oklahoma, who prosecutes in the name and by the authority of the state of Oklahoma, comes now into the ——— court for Tulsa county, state of Oklahoma, on this, the 28th day of April, A. D. 1915, and gives the court to understand and be informed that on the 27th day of April, A. D. 1915, in Tulsa county, state of Oklahoma, Dan Ward, late of said county, and within the jurisdiction of this court, did unlawfully and wrongfully have in his possession certain intoxicating liquors, to wit, fourteen bottles of beer, one-half bottle of gin, and about one quart of whisky contained in two bottles, with the intent then and there upon the part of said defendant to sell, barter, give away, and otherwise furnish the same in violation of the prohibitory liquor laws of the state of Oklahoma, contrary to the form of the statutes in such cases made and provided, and against the

peace and dignity of the state.   Ed Crossland, County Attorney."

The particular ground upon which it is contended that the foregoing information is insufficient is that it—
"wholly fails to allege or charge the venue of the action in that it omits entirely from the information proper the name of the court to which it is presented."

The information is entitled, "In the County Court within and for Tulsa County, Oklahoma," and upon its face charges an offense over which the said court had jurisdiction.   The record shows also that the information was filed in and presented to the county court of Tulsa county, and that it was signed and presented by the county attorney of that county, the duly authorized representative of the state of Oklahoma to present and prosecute such offenses in that court.

This assignment of error is purely technical and without merit.   Section 5746, Revised Laws 1910, in part provides:

"The   *   *   *   information is sufficient if it can be understood therefrom:   First, That it is entitled in a court having authority to receive it, though the name of the court be not stated."

Section 5747, *Id.*, is as follows:

"'No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

In *Cox et al. v. State*, 3 Okla. Cr. 129, 104 Pac. 1074, it was held:

"No indictment or information is insufficient by reason of a defect or imperfection in the matter of form which

does not tend to prejudice of the substantial rights of the defendant upon the merits."

In the body of the opinion it is said:

"So we see that by the express language of the statute the omission of any matter of form from an indictment, which does not tend to the prejudice of the substantial rights of a defendant upon the merits, does not affect the sufficiency of an indictment. It is best to have a correct caption to an indictment or information, but it does not add to or take from the charging part of the indictment or information. Its presence neither gives to the defendant any additional rights, nor does its absence impose any additional burdens upon him. If it appears that the indictment is filed in a court having jurisdiction of the offense charged, the purpose of the law has been accomplished. The caption of the information now before us is no part of the information itself. There is nothing except this caption to indicate that this information was ever filed in the district court of Rogers county. This was simply a clerical error on the part of the county attorney. The record shows that the information was filed and presented in the county court, which had jurisdiction of the offense charged. This was sufficient."

The conclusion is reached, therefore, that the court did not err in overruling the demurrer to the information, as the information was presented and filed in the county court of Tulsa county, said court having jurisdiction of the offense stated therein, and the prosecution was instituted and carried on by the county attorney of that county. The omission to put the word "county" before the word "court" in the body of the information in no way operated to deprive the said court of its jurisdiction to try said offense, nor did such omission "prejudice the substantial rights of the defendant on the merits." The information was sufficient as to form to meet the requirements of the foregoing statutes.

It is next contended:

"That the court erred in the admission of incompetent, irrelevant, immaterial, and hearsay testimony during the trial."

This assignment of error is supported by the following argument:

"The testimony for the state consisted entirely of the testimony of Carl Lewis and M. J. Miller, deputy sheriffs, James Woolley, sheriff, and George Bullett, the owner of a certain building. Their testimony in substance was to the effect that on the 27th day of April, 1915, that these officers, under a search warrant, went to a certain place, a two-story building on Boston avenue, between First and Second streets, in the city of Tulsa, Oklahoma, to search for liquor, that the building was a two-story brick. That they went upstairs and found in an ice box about fourteen bottles of beer, an amount of whisky, which they were unable to recall, but fixed at about a quart; the defendant was not there at the time; that there was a bar in the place and a few glasses. Over the objection of the plaintiff in error all three of these officers undertook to testify to the reputation of the place as being a place where whisky was sold. The county attorney did not undertake to lay any predicate for the direct question touching the reputation of the place, and it was only upon the repeated insistence of the prosecutor that the officers testified that the place had the reputation for the sale of whisky. The sheriff, though asserting that he did not know the reputation, was permitted to state the reputation as a place where liquor was sold. This character of testimony was clearly error, first, because it was hearsay; second, because there was no sufficient predicate laid."

The objection that no sufficient predicate was laid to the admission of this evidence, we think not well taken. The record shows that the trial court was particularly cautious in requiring each of the witnesses who testified

as to the reputation of the place where the liquor was found to state as a predicate that he knew such general reputation. This was a sufficient predicate. The general rule is well established that, where a witness testifies that he knows the general reputation of a witness or a place for having a particular trait of character or for a particular kind of business, he may then be permitted to state what that reputation is, provided it relates to the time of the offense and locality of the place, or residence of the witness whose reputation is attacked. *Dave v. State,* 22 Ala. 23; *Cole v. State,* 59 Ark. 50, 26 S. W. 377; *Craig v. State,* 5 Ohio St. 605; *Young v. Com.,* 69 Ky. 312; *Peck v. State,* 86 Tenn. 259, 6 S. W. 389; *Gilliam v. State,* 1 Head. (Tenn.) 38, 73 Am. Dec. 161; *Merriman v. State,* 3 Lea (Tenn.) 394; 1 Greenleaf on Evi. 461.

The rule that evidence of the reputation of the place as being a place where intoxicating liquor is kept for sale may be established in a case where the defendant is charged with the unlawful possession of such liquors in such place, if such a place be one resorted to by the public for that purpose, is established in the former opinions of this court. The reason for the rule is thus stated in *Kirk v. State,* 11 Okla. Cr. 203, 145 Pac. 307:

"It is held in that case *(Wilkerson Case,* 9 Okla. Cr. 662, 132 Pac. 1120), and uniformly in all cases where the offense charged was unlawful possession, that testimony tending to show that the defendant had previously sold other liquor, or kept other liquor for sale, is admissible on the question of intent, and if such liquors were kept at a place at which the public generally resorted, and the circumstances of the case indicated that such place was used for the purpose of selling intoxicating liquor, the general reputation of such place is admissible on the question of intent."

The reputation of the place as one where intoxicating liquors are kept for sale is an asset of trade, and as much a substantial element of the intent of the person who keeps liquors in such a place as is evidence that the place was fitted up with a bar and other fixtures and appurtenances of a liquor saloon. Intent to sell is as much an element of the offense of unlawful possession under our statute as is the intent to sell where the offense charged is the keeping and maintaining of a place where intoxicating liquors are received and kept for the purpose of sale. If the proof shows that possession of such liquor was in a place of public resort, why should not the reputation of such a place be admissible in either case on the question of intent to sell? This court has unequivocally held that the reputation of the place of keeping may be proved, where the offense charged is maintaining a place for the purpose of sale. We see no good reason for admitting such evidence in that class of cases, and in excluding it in this class, where the facts show possession in a place of public resort. The same logic and reasoning that will support the theory upon which such evidence is held admissible in the former class of cases supports its admissibility in the latter.

In this case the defendant took the witness stand in his own behalf, and testified that he paid the rent on the building where the liquor was found to the owner thereof for the period of time when the same was discovered; but he testified that he had sublet that portion of the building in which the liquor was found to one Frank Kesterman, and defendant claimed that such liquors were the property of the said Kesterman and were in Kesterman's possession and under his control at the time complained of. On cross-examination, the defendant admitted that he was

in this place of business every day; that he knew the kind of business that was being carried on therein; that he did not pay the special tax required by the federal government of retail liquor dealers, but did not know whether such a tax had been paid for his benefit by somebody else.

The evidence on the part of the state showed that the defendant paid the rent on the building in which the whisky was found during a period of time for about one month previous, and for two or three months subsequent to the date of the search; that the place was known as "The Senate"; that it was in the upper story of a two-story brick building located on Boston street in the city of Tulsa, in the business part of such city; that it was fitted up with a bar and glasses, tables, and chairs, and a quantity of whisky, gin, and beer was discovered at the time the search was made, both behind the bar and on ice. The proof on the part of the state is amply sufficient to authorize a verdict of guilty, and to sustain a judgment of conviction based thereon.

An examination of the entire record, including the instructions given by the court, does not disclose error prejudicial to the defendant, such as should authorize a reversal of the judgment.

Whatever conflict there is between the evidence on the part of the state and that of the defendant himself was for the jury, and the decision of the jury will not be disturbed by this court, where there is competent evidence in the record sufficient to sustain the conviction.

The judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.