## DUGAN DUNBAR v. STATE.

No. A-2846.    Opinion Filed March 1, 1919.

(178 Pac. 699.)

1. **CRIMINAL LAW—Habitual Criminal Act—Instruction—First Conviction Occurring Before Passage of Act.** The act of the Legislature providing that, upon a second or subsequent conviction of the prohibitory liquor laws, a greater punishment may be imposed than is permissible for a first conviction, is enforceable against an accused whose first conviction occurred before the passage of such law.

2. **SAME—Possession of Liquors—Evidence.** Evidence of general reputation of the place where intoxicating liquors were found **held** not to be reversible error in this case.

3. **APPEAL AND ERROR—Conflicting Evidence—Reversal.** Where the evidence is conflicting, but facts and circumstances in evidence are sufficient to authorize the jury reasonably to infer that defendant is guilty of the crime charged, the judgment will not be reversed because of insufficient evidence.

4. **SAME—Erroneous Instructions.** Where instructions given as a whole sufficiently cover the law of the case, and are not prejudicial to the defendant, judgment will not be reversed because of alleged errors in certain paragraphs of the court's charge.

5. **JUDGMENT AND SENTENCE—Reversal—Verdict.** The judgment and sentence must conform to the verdict. Where the law provides both fine and imprisonment as punishment for an offense, the trial court, on a general verdict of guilty, must sentence the defendant to both fine and imprisonment. Where, in such a case, only a sentence of imprisonment is imposed, the judgment will be reversed, with instructions to the trial court to resentence the defendant on the verdict returned in accordance with the law.

Appeal from District Court, Kay County;

W. M. Bowles, Judge.

Dugan Dunbar was convicted of unlawfully having in his possession intoxicating liquors, with intent to sell, barter, and give away the same, and he appeals.   Reversed, and cause remanded, with instructions.

G. A. Chappell, for plaintiff in error.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

MATSON, J.    Dugan Dunbar was convicted in the district court of Kay county of having in the month of February, 1915, unlawful possession of intoxicating liquor after having been previously convicted in the county court of Kay county in May, 1911, for selling, bartering, and giving away intoxicating liquor, to wit, whisky.   The conviction was under that provision of the prohibitory liquor statutes making the offense a felony where the conviction is for a second or subsequent violation of said statutes, commonly called the habitual criminal provision of said statutes.

The habitual provision of the prohibitory liquor statute took effect in the year 1913 (page 46, c. 26, Sess. Laws 1913).   Among other grounds relied upon for reversal is that the statute was passed and became effective subsequently to the former conviction of the defendant, alleged and proven to have been in May, 1911.   This assignment of error is without merit.   This court has decided adversely to the contention urged by plaintiff in error.   Jones v. State, 9 Okla. Cr. 646, 133 Pac. 249, 48 L. R. A. (N. S.) 204.

It is also contended that the court erred in permitting the state to prove the general reputation of the place where intoxicating liquors were found in defendant's possession, as being a place where intoxicating liquors were unlawfully sold.   This contention is without substantial merit, there being some evidence to the effect that such place was one

commonly resorted to by divers persons who were in the habit of drinking intoxicating liquors, and also evidence to the effect that defendant had made sales of intoxicating liquors at such place a short time previous to the time these particular liquors were found there. *Ward v. State,* 15 Okla. Cr. 150, 175 Pac. 557.

It is also contended that the evidence is insufficient to support the conviction. The evidence is conflicting, but there are facts and circumstances in evidence sufficient to authorize the jury reasonably to draw the inference that the defendant was interested in the liquor found on the premises, which premises were proven to be under his control at the time, and that his purpose was to dispose of the same unlawfully.

Some complaint is also made of the instructions given, but as a whole they sufficiently cover the law of the case and are not prejudicial to the substantial rights of the defendant.

The jury found the defendant guilty, and returned a verdict to that effect, also stating in the verdict that the jury was unable to agree upon the punishment. The court, in rendering judgment, sentenced the defendant to serve a term of one year's imprisonment in the state penitentiary. This is the minimum term of imprisonment in the penitentiary which may be given under the provisions of the habitual criminal act. *Art Tucker v. State,* 14 Okla. Cr. 54, 167 Pac. 637.

But said statute also provides, and as held in *Tucker v. State, supra,* it is mandatory that a fine of not less than $50 nor more than $2,000 be assessed in addition to the imprisonment provided. The punishment imposed by the court does not conform to the statutory provision, nor, therefore,

to the verdict returned, in that it fails to impose a fine in addition to the imprisonment. The only error, therefore, is in the judgment and sentence imposed by the trial court on the verdict returned.

Section 6003, Rev. Laws 1910, gives this court power to—

"reverse, affirm, or modify the judgment appealed from, and may, if necessary or proper, order a new trial. In either case, the cause must be remanded to the court below, with proper instructions, and the opinion of the court, within the time, and in the manner, to be prescribed by the rule of the court."

Under the power given to modify the judgment, the court would have the right to reduce the sentence; but such power does not carry with it authority to add to the sentence imposed. This court, therefore, would have no authority under the statute above quoted to add the necessary fine to the imprisonment imposed by the trial court. The Legislature has not seen fit to give this court authority to reform or correct a judgment of the trial court.

We have no alternative, therefore, except to reverse the judgment and sentence, and remand the cause with instructions to the trial court to resentence the defendant, by imposing a fine and imprisonment, either in the county jail or in the penitentiary in conformity with the provisions of chapter 25, Sess. Laws, 1913, *supra*. *Caudill v. State,* 9 Okla. Cr. 66, 130 Pac. 812; 8 R. C. L. 239; *State v. Tyree,* 70 Kan. 203, 78 Pac. 525, 3 Ann. Cas. 1020; *Enson v. State,* 58 Fla. 37, 50 South. 948, 138 Am. St. Rep. 92, 18 Ann. Cas. 940; *Murphy v. Com.,* 172 Mass. 264, 52 N. E. 505, 43 L. R. A. 154, 70 Am. St. Rep. 266.

For the reasons stated, the judgment of conviction is reversed, and the cause remanded to the district court of

Kay county, with instructions to the judge of said court to resentence the defendant, Dugan Dunbar, on the verdict of the jury returned in this case, by imposing such fine and imprisonment as in the judgment of said court shall be just and proper, within the limitations fixed by chapter 26, Sess. Laws 1913.

DOYLE, P. J., and ARMSTRONG, J., concur.