## J. B. FRIEDMAN v. STATE.

No. A-3667. Opinion Filed June 3, 1921.
(198 Pac. 350.)

(Syllabus.)

1. Intoxicating Liquors—Unlawful Possession—Reputation of Place. Where one is charged with having in his possession intoxicating liquor with the intent of violating the prohibitory law, the general reputation of his place of business as being a place where intoxicating liquors were sold may be shown upon the laying of a proper predicate for the introduction of such testimony.

2. Same—Sufficiency of Evidence. The evidence examined and found sufficient to support the verdict.

Appeal from Superior Court, Okmulgee, County, Henryetta Division.

J. B. Friedman was convicted of possessing intoxicating liquors with intent to violate the prohibitory liquor laws, and he appeals. Affirmed.

James Hepburn, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

BESSEY, J. J. B. Friedman was on October 13, 1919, convicted of having had in his possession, on April 22, 1919, certain intoxicating liquors, with the intention of violating the prohibitory laws of this state, and sentenced to pay a fine of $500 and to serve a term of six months in the county jail.

The proof on the part of the state shows that the plaintiff in error, herein referred to as the defendant, at and before the time alleged in the information, was keeping a grocery and feed store in the town of Henryetta, and that he had there for sale, to be drunk on the premises, several casks and containers of cider and other soft drinks; that he also had there large quantities of alcoholic fruit extracts and a gallon jar of Jamaica ginger, ginger ale, or Belfast ginger ale, which by actual analysis, contained 42 per cent. of alcohol by volume. It was shown that many persons, including Indians and negroes who were in the habit of drinking liquor to excess, resorted to this place and were often seen there in an intoxicated condition.

It was the theory of the state that this Jamaica ginger, or whatever it was, was used to "spike" the cider and other beverages there sold, for the purpose of giving these drinks the alcoholic contents desired, and the evidence, to some degree at least, bears out this theory.

The defendant testified that he had purchased this gallon of ginger ale for another person, and that at the time it was seized by the officers it was there awaiting delivery to this third person, that he did not know that it contained an unlaw-

ful quantity of alcohol, and that he had not used it and had no intention of using it in connection with his soft drink business or otherwise.

Defendant complains that the state, over his objections, was permitted to show the general reputation of the place as a place where intoxicating liquors were sold, without reciting testimony on this point in detail. We think the record shows a sufficient predicate for such testimony. Felas v. State, 16 Okla. Cr. 631, 185 Pac. 839; Ward v. State, 15 Okla. Cr. 150, 175 Pac. 557; Dunbar v. State, 15 Okla. Cr. 513, 178 Pac. 699.

None of the witnesses testified that they had seen the defendant "spike" the soft drinks there so popular with Indians and negroes, who in some way or other became intoxicated there, but the circumstances of having a room provided for tippling, the character of the persons who frequented the place, and the large quantities of alcoholic fruit extract kept there justified the jury in finding that this particular ginger ale or Jamaica ginger was kept for an unlawful purpose.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.