### FRED MOCKABEE v. STATE.

No. A-4498. Opinion Filed Nov. 1, 1924.

(229 Pac. 1094.)

(Syllabus.)

**Intoxicating Liquors—General Reputation of Defendant's Home Incompetent to Prove Unlawful Possession Without Further Evidence that House Public Resort.** Upon a trial under an information charging that the defendant did have possession of intoxicating liquors with the intention of violating provisions of the prohibitory law, evidence of the general reputation of his home is incompetent to prove the charge, unless there is some showing made other than the mere reputation of the place that the house is a place of public resort.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Fred Mockabee was convicted of having illegal possession of intoxicating liquor, and he appeals. Reversed and remanded.

E. C. Patton, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Fred Mockabee, plaintiff in error, was on the 24th day of October, 1922, in the county court of Canadian county, found guilty of the illegal possession of certain intoxicating liquor. By the judgment of the court his punishment was fixed at confinement in the county jail for a period of 90 days and to pay a fine of $250.

The information charged that the accused "did then and there willfully and unlawfully have possession of intoxicating liquor, to wit, corn whisky, for the purpose of selling, bartering, and otherwise furnishing the same," contrary to law. The proof on the part of the state shows that certain peace officers went to the home of the defendant and searched his premises and found one quart of corn whisky sitting in the open on the back porch. They also found a jug of corn whisky buried in a pile of straw and waste on adjoining premises then unoccupied. There was no proof adduced tending to show to whom the jug belonged or who had placed it where it was found.

Plaintiff in error admitted having possession of the quart of whisky found at his home, but says that he had it for his own use, and not for sale or other illegal purpose. He professed to know nothing about the jug found on the adjoining premises. The state made no showing, beyond the mere possession of the quart of whisky, that it was kept for illegal purposes. After the examination of the arresting officer relating to the circumstances of the search and seizure of the liquor, the examination in part was as follows:

"Q. Are you acquainted with the general reputation of the Mockabee home as to being or not being a place where intoxicating liquor could be had for purposes of selling, bartering, and otherwise furnishing, in violation of the law?

"Objection by J. N. Roberson: We object to this as being incompetent, irrelevant, and immaterial. He is charged with possession, and he is questioning the reputation of his place. (Overruled. Exception.)

"A. Yes.

"Q. Well, is that reputation good or bad?　A. Bad."

Other witnesses, without objection, testified to the same effect.

The possession of more than a quart of corn whisky would raise a legal presumption that the accused had it for an illegal purpose. To strengthen this presumption, if indeed the facts proved warranted such presumption, the state sought to show that the general reputation of the place was bad, as being a place where intoxicating liquor was sold. This conviction, then, rsets upon two presumptions: First, the legal presumption that because the accused had a quart of corn whisky he had it for sale; and, second, that he intended to sell this particular whisky because the reputation of his home was that of being a place where whisky could be purchased.

The admission of the defendant that he had this whisky, but that he had it for his own personal use and not for sale, might have overcome the first presumption, but not been sufficient to overcome the two presumptions. The jury might have concluded that, because the home of accused bore a bad reputation as being a place where whisky was sold, he intended to sell this particular quart. In the case of Thompson v. State, 9 Okla. Cr. 525, 132 Pac. 695, the court said:

"Upon a trial under an information charging that the defendant did have the possession of intoxicating liquors with the intention of violating provisions of the prohibitory law, evidence of the general reputation of his home or barn is incompetent to prove the charge."

And in the case of Lunceford v. State, 28 Okla. Cr. 120, 229 Pac. 304, recently decided by this court, it was said:

"Proof, in support of a charge of a specific act of illegal possession of intoxicating liquor, tending to show that the accused has the general reputation of being an illicit vendor of liquor, is inadmissible."

Where the charge against the defendant is illegal possession of specific whisky, we can see no distinction between

attempting to establish the offense by the general reputation of the person and of the place. Ordinarily, in such a case, evidence tending to establish either is inadmissible. It would have the same effect to show that the home of the accused bore a bad reputation as it would to show that his personal reputation was bad. If it had been charged that this place was a place of public resort, or that defendant maintained a place where intoxicating liquor was sold, or a place of business conducted as a public nuisance, the rule might be different. Hurst v. State, 25 Okla. Cr. 102, 219 Pac. 151, and cases therein cited.

As was said in the Thompson Case, supra, a man should not be condemned on what a few of his unfriendly neighbors (in this case, officers) say of him or of his home. Such evidence is merely hearsay, and its admission was prejudicial. The evidence tending to show intent to sell amounted to no more than conjecture.

The judgment of the trial court is reversed and the cause remanded.

MATSON, P. J., and DOYLE, J., concur.