### J. C. YAKUM v. STATE.

No. A-4833.   Opinion Filed April 16, 1925.
Rehearing Denied April 27, 1925.
(235 Pac. 253.)

(Syllabus.)

1.   **Intoxicating Liquors—Unlawful Possession—Evidence of General Reputation of Accused's Home.**   Ordinarily, on a trial upon an

information charging unlawful possession of intoxicating liquors, evidence of the general reputation of defendant's home as a place where intoxicating liquors are kept for sale is incompetent and inadmissible.

2.   **Same.** Before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession of intoxicating liquors, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation.

3.   **Same.** Where evidence discloses the possession of intoxicating liquor at a place of public resort, where defendant is employed, the general reputation of such place as a place where intoxicating liquors are kept for sale is admissible on the question of criminal intent, where the offense charged is the unlawful possession of intoxicating liquor, with intent to sell the same.

Appeal from County Court, Tulsa County; John P. Boyd, Judge.

J. C. Yakum was convicted of unlawful possession of intoxicating liquor, and he appeals. Affirmed.

W. L. Coffey, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was convicted on a charge of unlawful possession of intoxicating liquors with intent to sell the same, and in accordance with the verdict of the jury he was sentenced to be confined in the county jail for 30 days and to pay a fine of $50. He appeals from the judgment. It is contended that the evidence is insufficient to sustain the verdict. Error is also assigned upon the ruling in the admission of evidence.

The evidence shows that the defendant was employed at the Country Club, located about a mile and a half south of the city of Sand Springs; that Irvwin Jeeter, deputy sheriff, and March Evans were passing in a car and saw the defendant about 50 yards southwest of the Country Club in a little canyon, and he picked up from behind a log a bottle of whisky and came towards the Country Club.

The officers arrested him and found a half pint bottle of whisky in his pocket. March Evans testified that he saw the defendant leave the house and go out and get the liquor and put it in his pocket. Jeeter testified that there were two men there, apparently waiting for the defendant to bring the liquor. That he knew the general reputation of the Country Club as to being a place where intoxicating liquors were kept and sold, and that reputation was bad. The defendant as a witness in his own behalf testified that he worked for Clarence Smith there at the roadhouse at the time as a short order cook and making sandwiches; that he went out and got the whisky, and was going to take a drink of it when the officers arrested him; that he had only carried it about 30 or 40 yards.

On the undisputed facts the evidence is sufficient to sustain the verdict.

It is contended that the court erred in admitting the testimony for the state, because the arrest of the defendant was illegal, having been made without a warrant, and the search and seizure was in violation of the constitutional provision forbidding unreasonable searches and seizures. We cannot agree with this contention. The evidence on the part of the state shows that the arrest was made for a public offense committed in the presence of the officers.

The statute provides:

"A peace officer may, without a warrant, arrest a person:

"First. For a public offense, committed or attempted in his presence." Section 2471, C. S. 1921.

Under the statute the officers had the right to arrest the defendant, because he was committing an offense against the law in their presence when he picked up the bottle of whisky and carried it towards the house.

It is contended also that the court erred in admitting

evidence of the general reputation of the Country Club where the defendant was employed as being a place where intoxicating liquors are sold. The rule that evidence of the reputation of a place as being a place where intoxicating liquor is kept for sale may be established in a case where the defendant is charged with the unlawful possession of such liquors in such place, if such place was one resorted to by the public for the purpose, is established in the former opinions of this court. Ward v. State, 15 Okla. Cr. 150, 175 P. 557. Otherwise stated the rule is that, before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation.

In the present case it was an undisputed fact that the roadhouse known as the Country Club, where the defendant was employed, was a place of public resort.

On the record before us we believe that the defendant received a fair trial.

The judgment of the lower court is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.