WALTER WELCH et al. v. STATE.

No. A-5544.    Opinion Filed June 19, 1926.
(246 Pac. 1113.)

G. A. Holloway and W. C. Hall, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information charges that in Hughes county, May 18, 1924, Walter Welch and Paul Combs did have in their possession "intoxicating liquor," to wit, Choctaw beer, with the unlawful intention of selling the same. On the trial the jury returned a verdict finding them guilty and fixing the punishment of each at a fine of $100 and 60 days in jail. From the judgments rendered on the verdict, they appeal and assign various errors.

Jim Blankenbaker, assistant chief of police in Wetumka, testified that with Roy Reed he went to the home of the defendant Combs and Reed found a gallon of "Choc"; that the defendant Welch was staying there. He was then asked if he knew the reputation of the place as to being a place where intoxicating liquors were sold, and, over the defendant's objections, answered, "Yes," and that the reputation was bad.

Roy Reed, deputy sheriff, testified that he searched around the house and across the alley about 10 or 15 steps found a gallon jug of Choc; that it was the negro part of town, "and it is very bad over there for the reputation of selling liquor."

At the close of the evidence for the state, the defendants moved for a directed verdict in the form of a demurrer to the evidence. Motion was overruled, and exception taken.

As witnesses in their own behalf, each defendant de-

nied the ownership or the possession of the jar found by the officers.

Error is assigned because the court permitted evidence to show that the defendants' home bore a bad reputation, and that the court erred in overruling defendants' motion for a directed verdict, and in giving the following instruction:

"You are further instructed in this case that it is not necessary that any proof of the intoxicating qualities be given or to have the same analyzed, and any lawyer who knows any law at all knows that that is not the law."

This court has repeatedly held that the courts do not take judicial notice that Choc beer is intoxicating when a violation of the prohibition laws is based on alleged possession of intoxicating liquor, to wit, "Choc beer," and that it is necessary that the state prove that at or near the time of the offense charged the liquor in question contained as much as one half to 1 per cent. alcohol, measured by volume. Williams v. State, 30 Okla. Cr. 39, 234 P. 781; Rambo v. State, 31 Okla. Cr. 214, 238 P. 869; Skelton v. State, 31 Okla. Cr. 343, 239 P. 189.

It is also held by repeated decisions of this court that evidence of the general reputation of defendant's home as being a place where intoxicating liquors were sold is admissible only upon the laying of the proper predicate showing that his home was a place of general resort. Lotta v. State, 30 Okla. Cr. 105, 235 P. 245; Yakum v. State, 30 Okla. Cr. 184, 235 P. 253.

As shown by the record and for the reasons stated, we think the defendants did not have that fair and impartial trial to which they were entitled under the law.

The judgment of the lower court is accordingly reversed.

BESSEY, P. J., and EDWARDS, J., concur.