## JAMES LUMPKINS v. STATE.

No. A-5880.  Opinion Filed March 8, 1927.
(253 Pac. 909.)

J. G. Ralls, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.  Appellant, James Lumpkins, was convicted on a charge that he did have in his possession intoxicating liquor, to wit, two pints of whisky, with the unlawful intent to sell the same, and, in accordance with the verdict of the jury, he was by the judgment of the court sentenced to pay a fine of $100 and be confined in the county jail for 60 days.  To reverse the judgment he appeals.

The first assignment is that the evidence is insufficient to sustain the verdict.

O. P. Ray, Jr., sheriff, testified:

"I visited the defendant's place two miles east of Atoka. I believe I had a search warrant. Mr. Lumpkins came to the door; I told him I wanted to look his place over for whisky. He told me that there was not a drop there, go on and help myself. There was a little child or maybe two in the yard. Mrs. Lumpkins was not in the house. I had information that he kept the whisky in the brush, from a man who had bought whisky; I will not give his name. He said if I would go up there and look at a certain place I would find some whisky; it was 41 steps from the house. There we found two pints of whisky, covered over with leaves and brush."

Over appellant's objections, this witness and three others were permitted to testify that they knew the general reputation of the Lumpkins place as being a place where intoxicating liquor is sold, and that reputation was bad.

Mrs. Lumpkins, wife of the defendant, testified that she was charged with her husband of this offense, and the county attorney dismissed the case as to her; that she went to drive the cow to pasture, and when she returned the officers told her that they found two pints of whisky beyond the potato patch; that she did not know anything about it.

Appellant took the stand and testified that his home and blacksmith shop belongs to Mr. Usher; that his shop is five-eighths of a mile east of Atoka; that sheriff Ray stopped at his shop, and said he wanted to look the place over, and he thought he meant the shop; the officers went on to the house and then went to the thicket and came back and told him they found two pint bottles of whisky, and told him where they found it; that it is 92 steps by actual measurement from his house to the place where they said they found the

whisky; that he did not know who placed it there; and that it was not his whisky.

The court instructed the jury in part as follows:

"You are further instructed that, in determining the intent or the purpose for which this defendant had such intoxicating liquor, you may take into consideration the reputation of the defendant or his place of business as to it being a place where intoxicating liquors can be obtained."

Counsel for appellant insist that the court erred in permitting the state to offer evidence as to the reputation of the defendant's home, and in instructing the jury that they might "take into consideration the reputation of the defendant," and that the court erred in overruling defendant's motion for a directed verdict.

This court has repeatedly held that evidence of the general reputation of defendant's home as being a place where infoxicating liquors are sold is admissible only upon the laying of the proper predicate, showing that his home was a place of general resort. Lotta v. State, 30 Okla. Cr. 105, 235 P. 245; Yakum v. State, 30 Okla. Cr. 184, 235 P. 253; Mockabee v. State, 28 Okla. Cr. 167, 229 P. 1094; Welch v. State, 35 Okla. Cr. 2, 246 P. 1113.

It is also held by repeated decisions of this court that the jury has no right to consider the reputation of the defendant unless it is put in issue. Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Upton v. State, 12 Okla. Cr. 593, 160 P. 1134; Lunceford v. State, 28 Okla. Cr. 120, 229 P. 304; Lindsey v. State, 31 Okla. Cr. 406, 239 P. 684; Pitcher v. State, 32 Okla. Cr. 332, 241 P. 199.

It would serve no useful purpose to consider the remaining assignments. On the record before us, we are convinced that this defendant did not have a fair

and impartial trial, and, for the reasons stated, the judgment appealed from is reversed.

EDWARDS and DAVENPORT, JJ., concur.