### FRED TINDEL v. STATE.

No. A-7214.   Opinion Filed May 10, 1930.
(287 Pac. 1109.)

Wieck & Armstrong, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged with possession of intoxicating liquors with intent to barter or give away the same to others contrary to the statutes. The jury returned a verdict of guilty and did not fix the punishment. The court, on the verdict rendered, sentenced the defendant to pay a fine of $500 and costs and to be imprisoned in the county jail of Kay county for a period of six months. The defendant filed a motion for new trial and motion in arrest of judgment, which motions were overruled, and the defendant reserved an exception.

The testimony in this case shows that the officers went to defendant's place with a search warrant and searched the premises, and claim they found a quantity of whisky within 200 yards of the home of the defendant, and the officers claim it was on the land belonging to the defendant. No testimony having been introduced by the defendant, the court permitted the county attorney to ask the state witness the following questions:

"Q. I will ask you, Mr. Long, if you knew the general reputation of the defendant, and the premises on

which this liquor was found, as being a place where intoxicating liquors are stored, concealed and otherwise handled? The defendant objected on the ground that it was incompetent, irrevelant and immaterial. The objection was overruled by the court and the defendant excepted. The witness answered: Yes, sir.

"Q. What is it, good or bad? (The defendant objected, on the ground that it was incompetent, irrelevant and immaterial. The objection was overruled, and the witness answered: It was bad. The defendant then moved the court to strike the last two questions and answers from the record, on the ground they were incompetent, irrelevant and immaterial; which motion was overruled and defendant duly excepted.)"

The same questions in substance were propounded to the witness Ivan Webb as were propounded to the witness Fred Long. The defendant objected, and the court overruled the objections, and the defendant excepted; the witness answering that the defendant's reputation and the reputation of his home was bad.

Several errors have been assigned by the defendant, but the view we take of this record it is only necessary to consider the sixth assignment, and that is the admission, over the objection of the defendant, of incompetent, irrelevant, immaterial, and prejudicial evidence on behalf of the state as to the reputation of the defendant's home and the defendant's reputation, without the defendant having first placed his reputation in issue. This question has been before this court many times.

In Parnell v. State, 37 Okla. Cr. 413, 259 Pac. 151, in the first paragraph of the syllabus, the court said:

"In a prosecution for unlawful possession of intoxicating liquors, evidence of the general reputation of the defendant's home, as a place where intoxicating liquors are kept for sale, is incompetent to prove the charge."

In the second paragraph of the syllabus, the court said:

"Proof that defendant's home had the general reputation of being a place of public resort is not a sufficient predicate to authorize the admission of evidence of the general reputation of such place as a place where intoxicating liquors are kept for sale."

In Lumpkins v. State, 36 Okla. Cr. 253, 253 Pac. 909, the court, in the second paragraph of the syllabus, said:

"Before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession of intoxicating liquors, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation."

In the third paragraph of the syllabus, the court stated:

"The state cannot attack the character of a defendant, unless he first puts that in issue by introducing evidence of his good character."

It has been universally held that the general reputation of the defendant's home is admissible only upon the laying of the proper predicate showing that his home was a place of public resort. Yakum v. State, 30 Okla. Cr. 184, 235 Pac. 253; Welch v. State, 35 Okla. Cr. 2, 246 Pac. 1113; Lumpkins v. State, supra.

There are several errors assigned which possess merit, but the view we take of this record it is not necessary to consider them. For the reasons herein stated, the court erred in permitting the state, over the defendant's objection, to go into the general reputation of the defendant's home as being a place where intoxicating liquors were kept for sale, and defendant's general reputation, without his first having put his good character in issue.

The judgment is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.