## DICK TAGGART v. STATE.

No. A-8929. Nov. 8, 1935.
(50 Pac. [2d] 1134.)
Dissenting Opinion Nov. 21, 1935.
(53 Pac. [2d] 102.)

Owen F. Renegar, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of about three gallons of intoxicating liquor, and was sentenced to be imprisoned in the county jail for ninety days, and to pay a fine of $250.

The testimony in this case is brief on behalf of the state. The officers said they had a search warrant, but they do not say for what property it authorized them to search; they do state they went and searched a room at 117 West Noble street, in Oklahoma City, Okla.; they admit there was no one in the room at the time; the door was locked and they broke the hasp, and in the room they searched they found about three gallons of whisky. The defendant was not in the room. There is no testimony showing he was seen in possession of the room. Some of the officers said they had information that the defendant had the room.

A witness for the state, W. E. Agee, stated:

"I talked with the woman at the building who said she was renting rooms to different parties; I do not know who she was; I did not serve her with a copy of the search warrant."

The woman mentioned by the witness for the state was not called as a witness to show to whom she had rented the room. The testimony discloses there were a number of rooms in the building, and this was one of the rooms having a door opening from this room to another room which was locked and barred, at the time the officers claim this search was made. There is no testimony showing that after they broke the lock and searched this room that they posted a copy of the search warrant. One of the parties claimed that he saw a copy of the search warrant in the sink in the room they searched. Some of the officers claim they had a conversation with the defendant, after he was arrested, in which he said he was just selling a little whisky.

The defendant testified in his own behalf and denied the key the officers took from him was a key for the lock the officers claim was on the door and presented the lock he claimed the key they took from him belonged to; he also denied he had anything to do with the room the officers claimed to have searched; that he did not own or have any interest in the whisky found therein, and that he did not make any statement to the officers while under arrest that he was selling any whisky, or that it was his room. He positively denied the statements made by the officers with reference to the room and whisky, the selling of the whisky, and the key to the lock the officers claim was on the door. The state did not offer any rebuttal.

The defendant insists that the court erred in overruling his motion for a new trial, and insists that the evidence is insufficient to sustain a conviction.

The only statement introduced by the state in attempting to show the defendant's connection with this building is a conversation some of the officers allege they had with the defendant after he was arrested. The defendant positively denies he had a conversation with the officers after he was arrested as to the room they claim to have searched or the whisky found; but if such conversation was held it was an extrajudicial confession, and this court has often held that you cannot prove the corpus delicti by an extrajudicial confession.

In Blakemore v. State, 39 Okla. Cr. 355, 265 Pac. 152, this court in the first paragraph of the syllabus said:

"The corpus delicti in a criminal case cannot be established by the confession of the defendant alone. There must be independent evidence, either direct or circumstantial, of the corpus delicti before a conviction can be had." Cherry v. State, 33 Okla. Cr. 37, 241 Pac. 833; Boggess v. State, 46 Okla. Cr. 283, 287 Pac. 764.

To establish the guilt of an accused of a criminal charge, it is necessary that two distinct propositions be proven: First, that a criminal act has been committed, usually designated as corpus delicti; second, that the guilt of such act attached to the particular person charged with the commission of the offense. Coppler v. State, 52 Okla. Cr. 275, 4 Pac. (2d) 700.

The evidence is insufficient to sustain the conviction, and the motion for a new trial should have been sustained. The case is reversed.

DOYLE, J., concurs. EDWARDS, J., dissents.

EDWARDS, J. (dissenting). I find myself unable to agree with the majority opinion. The case is reversed on the sole ground that the evidence is insufficient. The rule announced by many decisions of this court is that

where there is any competent evidence from which a jury may reasonably and logically find a verdict of guilty, this court will not disturb the judgment on the ground of insufficient evidence. White v. State, 13 Okla. Cr. 76, 162 Pac. 232; Parks v. State, 18 Okla. Cr. 277, 194 Pac. 281. We find the following testimony in the record: J. R. Orrell, a police officer, testified:

"Q. Do you know the defendant Dick Taggert? A. Yes, sir. Q. How long have you known him? A. I imagine, about a year and a half. Q. I will ask you if on or about the 22nd day of May, 1934, you had occasion to go to his premises on West Reno? A. Yes, sir. Q. West Reno, was he there? A. No, not at that place. Q. Where was he? A. 527 West Washington is where we found him. * * * Q. Did you have a conversation with Dick about the place? A. As we drove up he said, 'You are just a little too late.' Q. Just what did he say as to being too late? A. He wouldn't tell. Q. Did you have any conversation with him as to what his business was? Mr. Renegar: Objected to unless the officers informed him that any statements he might make would be used against him. The Court: Overruled. Mr. Rennegar: Exception. A. He told us that he was selling a little whisky, and just trying to get along."

W. E. Agee, deputy sheriff, testified to the seizing of three gallons of whisky at the place.

George Kerr, a deputy sheriff, testified of assisting in the search and seizure of the whisky then as follows:

"Mr. Daugherty: When the officers brought this man to the sheriff's office, did you have a conversation with him? A. Yes, he said it was his room down there and that the whisky belonged to him."

Then defendant's counsel brought out on cross-examination that defendant had just left the place before the search was made.

Defendant was the only one who testified in his behalf. He admitted previous convictions under the liquor law. I am of the opinion the evidence amply sustains the judgment, and for that reason I dissent.