F. O. STRONG v. STATE.

No. A-9311.   Nov. 19, 1937.
(73 P. 2d 876.)

E. Blumhagen, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, J. Upon information filed in the district court of Blaine county charging that in said county on March 28, 1936, F. O. Strong did commit the crime of illegal possession of intoxicating liquor, and further charging that previously thereto said defendant was duly tried and convicted in the county court of said county on an information charging the crime of transporting intoxicating liquor, and on November 27, 1928, was sentenced to serve a term of 30 days in the county jail and pay a fine of $50, and that defendant appealed to this court, wherein the judgment was affirmed on July 29, 1930. Strong v. State, 48 Okla. Cr. 252, 290 Pac. 1119. He was tried and convicted and his punishment fixed at imprisonment in the penitentiary for one year and a fine of $100.

From the judgment rendered on the verdict he appeals and assigns as error certain rulings of the court in admitting alleged incompetent and prejudicial evidence.

The evidence shows that Sheriff Scott, together with two deputies and two city officers, on the date alleged, raided the defendant's home in the city of Geary; they found ten pint bottles full and a half-gallon jar about

half full of whisky in a box under one of the steps of the upstairs stairway. There were several men in the house at the time. The sheriff took a pint bottle of whisky from off one of the men. The defendant and the man having the pint bottle of whisky were arrested. The liquor seized was introduced in evidence.

The evidence further shows that the place searched had been the defendant's home for at least 14 years.

As a witness in his own behalf the defendant testified that until the officers found the whisky he did not know it was there; that it did not belong to him, and he did not know who put it there, or who it belonged to.

It further appears from his testimony that he had not only been previously convicted of transporting intoxicating liquor as shown by the evidence, but also of second degree forgery in the district court of Blaine county, and of automobile larceny in the district court of Canadian county.

Roy Chase testified that he was at the place when the raid was made and the officers took a part of a pint of whisky from him; that he did not buy the whisky from the defendant.

Counsel for appellant in his brief says:

"The defendant relies for a reversal herein upon the assignment of error that the trial court erred in permitting the introduction of testimony as to the reputation of the home of the defendant as a place where intoxicating liquor was kept for sale without there having been laid the proper predicate as required by law for the introduction of such testimony."

Citing the following cases: Williams v. State, 25 Okla. Cr. 284, 220 Pac. 667, Severns v. State, 31 Okla.

Cr. 281, 238 Pac. 217; Lumpkins v. State, 36 Okla. Cr. 256, 258, 253 Pac. 909; Millett v. State, 36 Okla. Cr. 309, 253 Pac. 1039; Parnell v. State, 37 Okla. Cr. 413, 259 Pac. 151; Fitzgerald v. State, 39 Okla. Cr. 320, 264 Pac. 929; Conley v. State, 40 Okla. Cr. 128, 267 Pac. 491.

It appears that W. I. Grant, city marshal, testified in part as follows:

"Q. Mr. Grant, in regard to the home of F. O. Strong, have you ever seen any one go there? Defendant's objection sustained. Q. I will ask this question, do you know whether or not the public resort to that place? A. Yes, sir. Counsel for the defendant: I want to object to that until it is shown to be a public resort. By the Court: Sustained, I don't think the question of public resort is in issue. I don't believe I would go into the reputation of the place."

The jury is admonished, placed in charge of bailiff. In the absence of the jury, the foregoing objection is argued.

"By the Court: Let the record show that the court is going to permit the state to offer testimony whether or not the place is a place of public resort. Objection overruled. Exception allowed."

W. I. Grant, recalled, was asked:

"Q. Now, Mr. Grant, having served as city officer in the city of Geary, I will ask you to state whether or not to your personal knowledge his residence is a place where the public generally resort at all hours of the day or night? And answered: 'Yes.' Counsel for the defendant: We object and move that the answer be stricken as incompetent, irrelevant and immaterial. Overruled. Exception."

Cross-examination:

"Q. You think this place has the reputation of being a place where liquor is bought and sold, upon what do

you base that, do you know that of your own personal knowledge or just what you have heard somebody say? A. Well, most of it is what I have heard people say, and I have seen people coming and going from there and some of them were drunk, and some of them had whisky on them and I have taken it off them."

Colonel McManus, night watchman, city of Geary, testified that he went with officers Scott, Baskins, Autry, and Grant to the defendant's home to make a raid in serving a search warrant.

Over the defendant's objection he was permitted to testify that "the defendant's home had the reputation of being a place in Geary where liquor can be bought."

It also appears that the cross-examination of the state's second witness, Clyde Autry, deputy sheriff, brought out testimony that the officers had been receiving numerous complaints as to intoxicating liquor being kept and sold at the defendant's residence. However, the fact of complaints having been made to officers does not establish general reputation, and is not equivalent to it. Tarbutton v. State, 57 Okla. Cr. 442, 48 P. 2d 877.

It follows from the foregoing review that the objections to the sufficiency of the evidence to show that the defendant's home was a place of public resort is not tenable.

In Lumpkins v. State, supra, we said:

"This court has repeatedly held that evidence of the general reputation of defendant's home as being a place where intoxicating liquors are sold is admissible only upon the laying of the proper predicate, showing that his home was a place of general resort. Lotta v. State, 30 Okla. Cr. 105, 235 Pac. 245; Yakum v. State, 30 Okla. Cr. 184, 235 Pac. 253; Mockabee v. State, 28 Okla. Cr.

167, 229 Pac. 1094; Welch v. State, 35 Okla. Cr. 2, 246 Pac. 1113."

We have also repeatedly held that, in a prosecution for possession of intoxicating liquors, with intent to sell, the reputation of the defendant's home or premises is generally inadmissible, unless the place be one resorted to by the public; such evidence is then admissible on the question of intent. Ward v. State, 15 Okla. Cr. 150, 175 Pac. 557; Dunbar v. State, 15 Okla. Cr. 513, 178 Pac. 699; Caffee v. State, 11 Okla. Cr. 263, 145 Pac. 499; Felas v. State, 16 Okla. Cr. 631, 185 Pac. 839; Friedman v. State, 19 Okla. Cr. 124, 198 Pac. 350.

Upon the record before us we are of the opinion that the proof was sufficient to show a proper predicate, and that the court did not err in overruling the defendant's objections to the admission of evidence tending to show the general reputation of the place where the liquor was seized.

Upon the whole case we are of the opinion that the defendant had a fair trial, and, finding no reversible error in the record, the judgment of the trial court is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.