## JUANITA DEAN v. STATE.

No. A-9747.   Feb. 19, 1941.
(110 P. 2d 921.)

Wayne E. Wheeling, of Oklahoma City, for defendant.

Mac Q. Williamson, Atty. Gen., and Phil E. Daugherty, Asst. Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J. Defendant Juanita Dean was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, was tried before the court and found guilty. Her punishment was assessed at a fine of $50 and imprisonment in the county jail for 30 days, and she has appealed. This charge was filed by reason of a search of defendant's home at 712 West Grand, Oklahoma City, Oklahoma county, on the 25th day of January, 1939, by three deputy sheriffs of Oklahoma county. As a result of this search, nine pints and one quart of tax-paid liquor were found in different parts of the defendant's home. Part of it was found in clothes closets and part behind the icebox and other portions of the house.

The evidence on the part of the state revealed that the search was made in the nighttime; that the officers had a search warrant which was known as a "John Doe search warrant." It was not introduced in evidence, either by the state or the defendant, and no question is raised as to its sufficiency. However, we again reiterate that it is the best practice for officers to give the name of the party whose premises are to be searched where the name of such party is known, and a copy of the search warrant should be introduced in evidence so that the court may determine whether the law has been complied with in order to constitute a valid search warrant. The

issuance of what is known as a "John Doe search warrant" for the purpose of naming whoever may be found at the premises is bad practice, and should not be followed by officers in the future.

This case was tried before the court, and the presumption is that the court examined the affidavit and search warrant and found them sufficient, in the absence of proof to the contrary. No question is here properly raised as to the sufficiency or validity of the search warrant.

The evidence revealed the defendant was not present at her home at the time the search was made. Her children were there. She was not living with her husband. A young girl about 16 years of age had been employed by her to stay with her children during her absence for a few days in Anadarko, according to her testimony. Some young man was present at the time the search was made who was calling upon the young lady. Defendant did not return, according to her testimony, to Oklahoma City until the morning after the search was made, and upon hearing of the search she went to the courthouse and made bond for her appearance.

It is insisted that, by reason of the fact that defendant was not present at the time of the search, the evidence is insufficient to find her guilty beyond a reasonable doubt. We do not think this contention can be sustained. It does not seem probable that a young girl 16 years of age who was employed to stay with the children of defendant while she had gone to Anadarko for a few days would have brought whisky to her premises and begun the sale thereof. The fact that the whisky was found concealed in different clothes closets and behind the icebox, and that the officers testified that the premises had a bad reputation as a place where people congregated for the purpose of buying intoxicating liquor, and that the place had been searched 15

or 20 times by the officers, and that while the officers were there parties would call over the telephone and ask for the delivery of whisky, that the defendant admitted while on the witness stand she had been convicted on two previous occasions of violations of the prohibitory liquor laws, were sufficient facts for the court to find her guilty in the instant case.

We have carefully examined the cases relied upon by defendant to sustain her contention. They are Owens v. State, 11 Okla. Cr. 113, 143 P. 204; Taggart v. State, 58 Okla. Cr. 183, 50 P. 2d 1134, 52 P. 2d 102; Eastridge v. State, 57 Okla. Cr. 323, 48 P. 2d 869. A careful reading of these cases reveals that the facts are very different from the facts in the instant case. It is not necessary to quote from them. Defendant cites the case of Strong v. State, 63 Okla. Cr. 184, 73 P. 2d 876. This case does not substantiate the contention of the defendant, but the decision in that case is authority for upholding the decision in this case. It is contended in the brief of the defendant that proof of the reputation of defendant's place is not admissible because she was not charged with maintaining a nuisance. She is charged with the unlawful possession of intoxicating liquor. Evidence of the reputation of one's place may be proved in an unlawful possession case the same as in a nuisance case. It is true that this court has often held that evidence of the general reputation of one's home as being a place where intoxicating liquors are sold is admissible only upon the laying of a proper predicate showing that his home was a place of public resort.

In the case of Strong v. State, 63 Okla. Cr. 184, 73 P. 2d 876, 878, Judge Doyle, in discussing this question, after reviewing the facts in that case, which were somewhat similar to the facts as shown by the record here, said:

"It follows from the foregoing review that the objection to the sufficiency of the evidence to show that the defendant's home was a place of public resort is not tenable.

"In Lumpkins v. State, supra [36 Okla. Cr. 256, 253 P. 909], we said:

" 'This court has repeatedly held that evidence of the general reputation of defendant's home as being a place where intoxicating liquors are sold is admissible only upon the laying of the proper predicate, showing that his home was a place of general resort. Lotta v. State, 30 Okla. Cr. 105, 235 P. 245; Yakum v. State, 30 Okla. Cr. 184, 235 P. 253; Mockabee v. State, 28 Okla. Cr. 167, 229 P. 1094; Welch v. State, 35 Okla. Cr. 2, 246 P. 1113.'

"We have also repeatedly held that, in a prosecution for possession of intoxicating liquors, with intent to sell, the reputation of the defendant's home or premises is generally inadmissible, unless the place be one resorted to by the public; such evidence is then admissible on the question of intent. Ward v. State, 15 Okla. Cr. 150, 175 P. 557; Dunbar v. State, 15 Okla. Cr. 513, 178 P. 699; Caffee v. State, 11 Okla. Cr. 263, 145 P. 499; Felas v. State, 16 Okla. Cr. 631, 185 P. 839; Friedman v. State, 19 Okla. Cr. 124, 198 P. 350."

But when the predicate is properly laid, then in unlawful possession cases it becomes admissible on the question of intent. Such was the holding in the Strong Case, which was affirmed. So, in this case, we think the evidence, as shown by the record, was sufficient to permit the introduction of this evidence, and that the court did not err in permitting the same to be introduced.

Finding no error in the record, the judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

JONES and DOYLE, JJ., concur.