## JOHNNIE KUHN v. STATE.

No. A-9779.    March 19, 1941.

(111 P. 2d 823.)

352

Mac Q. Williamson, Atty. Gen., and Marvin Balch, Co. Atty., of Holdenville, for the State.

H. M. Shirley, of Coalgate, for defendant.

BAREFOOT, P. J. The defendant was charged in the county court of Coal county with the crime of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $50 and to serve 30 days in the county jail and has appealed.

This case arose by reason of a search of the premises of the defendant in the city of Coalgate on the 21st day of January, 1939, by the sheriff of Coal county and two of his deputies. The defendant represented himself at the trial and did not have an attorney. The case was tried by five jurors by agreement. The sheriff and his deputies testified that they had search warrants for the purpose of searching the restaurant and filling station of the defendant in the city of Coalgate. The search of the restaurant resulted in not finding any liquor. The officers then went in the alley to the north of the filling station, and while there saw the defendant come out the back door of the filling station and throw two half pints of whisky out in the direction where the officers were standing. They recovered these two half-pint bottles, which were introduced in evidence. The search warrants were not introduced in evidence and no other evidence was introduced by the

state. We are of the opinion that it was insufficient to convict the defendant, and the court should have so instructed the jury. The amount of whisky found was less than a quart. Under the law the possession of less than a quart raised no prima facie intent on the part of the defendant to sell, give or otherwise dispose of the liquor in violation of law. 1933 Session Laws, chapter 153, p. 339, sec. 3, Oklahoma Statutes Annotated, Title 37, sec. 82; Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836, and cases cited therein.

The record in this case reveals that the defendant operated a restaurant and filling station in Coalgate. Both of these places were searched by the officers. If they were places where intoxicating liquors were sold and had that reputation, it would have been an easy matter for the state to prove that reputation where the defendant is charged with unlawful possession. This court has so held in many cases. Juanita Dean v. State, 71 Okla. Cr. 253, 110 P. 2d 921, and cases cited therein. This proof would have given the jury an opportunity to find that there was an intent on the part of the defendant to use the liquor for an unlawful purpose. There is an absolute failure on the part of the state to prove that the liquor in question was to be so used, and for this reason the judgment and sentence of the county court of Coal county is reversed.

JONES and DOYLE, JJ., concur.