LUTHER McCORMICK v. STATE.

No. A-10292.    May 3, 1944.

(148 P. 2d 787.)

William A. Tidwell, of Idabel, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and L. E. Mifflin, Co. Atty., of Idabel, for defendant in error.

BAREFOOT, J.  Defendant, Luther McCormick, was charged in the county court of McCurtain county with the crime of selling intoxicating liquor; was tried, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

Defendant was charged jointly with Roy Peters and Johnny Peters.  At the commencement of the trial, on motion of the county attorney, the case was dismissed as to Roy Peters and Johnny Peters, and the trial proceeded against this defendant.

Three witnesses testified for the state: Odis Hawkins, Sam Sellers, chief of police of Idabel, and Gilbert Short, a police officer.

The defendant, who drove a taxicab in the city of Idabel, McCurtain county, was charged with selling one pint

of whisky to Hayes Duckett and Odis Hawkins, two negro men, on Saturday night, November 29, 1941.

The officers testified to finding these men in an automobile parked by the side of the road on Saturday night, November 29, 1941. They had a pint bottle, more than half full of whisky, and one of them, Hayes Duckett, was in an advanced stage of intoxication. They were both arrested and placed in jail, and on Sunday following, the defendant was taken before them, and they identified him as the party who sold them the whisky. Odis Hawkins testified that they paid a $1.75 for the whisky, that he contributed 60 cents on the purchase price; and that they bought it from the defendant, out by the side of the road near the place of business of Roy Peters, but not in his place.

It is contended that by reason of the questions propounded to him by the county attorney on cross-examination, the defendant did not have a fair and impartial trial, and that the admission of certain evidence was contrary to law.

The defendant took the witness stand in his own behalf, and denied that he sold the liquor to the witness and Hayes Duckett. He testified that he operated a taxicab, and that he did not remember whether he was at home or up town on the Saturday night in question. He testified that he did not go to Roy Peters' place or near there, on that night. On cross-examination the following proceedings were had:

"Q. (By Mr. Mifflin, County Attorney) Now, you say you drove a taxi? A. Yes sir, I drove a taxi for Lloyd Tollett. Q. A lot of your trips was going to take folks to Roy Peters to get whisky, wasn't it? A. I made trips out there, but I don't know what for. Q. When you talk about taking folks that stopped at Roy Peters, you knew the place had the reputation of being a place where you get

whisky? Reputation is what folks say. Mr. Wilkinson:
We object to that kind of stuff. The Court: I can't see that
it is material. Mr. Mifflin: If I don't develop it— Mr.
Wilkinson: If you did, it would not be competent. If you
undertake to establish the reputation of somebody's place,
you certainly ought to have had the testimony. Mr. Mif-
flin: I want to show that he knew himself what these
folks were going out there for. The Court: Overruled. I
don't know where it affects the defendant. Mr. Wilkinson:
If I thought it did not affect the case, then I would stop
him from doing it. The Court: He might be leading up to
something. Mr. Wilkinson: He could not be leading up
to anything. The Court: I don't know, I can't read his
mind. Mr. Wilkinson: Your Honor certainly ought to be
able to read his mind. The Court: Your objection is over-
ruled, and you have your exception. Proceed. Mr. Wil-
kinson: In other words— The Court: Your objection has
been overruled. Q. You may answer the question. A. I
have heard people say that. Q. That is what reputation is.
Were you ever around there at any time other than when
you would take folks out there? Mr. Wilkinson: Don't
answer the question. I want to make the same objection.
If it is absolutely necessary that the county attorney have
a conviction in this case, regardless of the law, or right,
or anything else, and the court is going to permit him to
do it, I can't help it. The Court: I am going to shut out
incompetent evidence, but I can't tell. Mr. Wilkinson:
When will the court start to do it? The Court: When I
think it is necessary. If I have any doubt, I will ask you.
Proceed. Mr. Wilkinson: I certainly appreciate that much
consideration. The Court: We are going to proceed. Mr.
Mifflin: Maybe I can get the question up quicker than
we could find it. Mr. Wilkinson: What do you want an
answer to? The Court: Mr. Wilkinson, will you please
address your remarks to the court? Q. Were you ever out
around there at any time other than when you would take
folks out there in the jitney? A. I could not say for sure.
I might have been. Q. I will ask you if here a short time
before this incident involved in this case, or just shortly

after, if the officers did not run you out there, and you have a sack, out close to Roy Peters' place? Mr. Wilkinson: If your Honor please, what does that have to do with this? The Court: I will sustain the objection to that. Mr. Mifflin: I want to show that he operated out there. Mr. Wilkinson: And I want at this time, I want the court to advise the jury not to consider those remarks of the county attorney. The Court: There is no evidence. I struck that out. There is nothing for the jury to consider. Give them credit for having common sense. Mr. Wilkinson: I know that is right. I think that should be done. But at the same time the county attorney ought to have sufficient sense not to ask those questions. The Court: Proceed. Mr. Tidwell (for defendant) : Here is the proposition : The Court: I have heard enough of this, we are going to proceed. Mr. Tidwell: Give us an exception. Mr. Mifflin: I don't believe they want me to question him. The Court: Anything further? Mr. Wilkinson: That is all."

It will be observed from the above statement of this case that the only issue here involved was whether the defendant sold the whisky to the parties named in the information. The state offered no evidence to in any way connect the defendant with either Roy Peters or Johnny Peters, or with the place they conducted. From the questions of the county attorney, it is evident that he was of the opinion that these parties were conducting a place where intoxicating liquors were being sold, and he was persistent in his attempt to get before the jury that defendant was connected with that place of business. If he had any evidence to this effect, it should have been produced. Neither the reputation of these parties nor of their place of business was an issue involved in this case, and we can readily see how the questions propounded by the county attorney to the defendant in the presence of the jury would have been to his prejudice. It is true that the court sustained some of the objections, but the persistent

effort of the county attorney to get this evidence before the jury was such that in our opinion prevented the defendant from having that fair and impartial trial to which he was entitled under the law.

We have often held that in a prosecution for unlawful possession of intoxicating liquor, before the general reputation of a place may be proven, it must be shown that such place was one of public resort, not merely that it bore such reputation. Yakum v. State, 30 Okla. Cr. 184, 185, 235 P. 253; Welch v. State, 35 Okla. Cr. 2, 246 P. 1113; Dean v. State, 71 Okla. Cr. 253, 110 P. 2d 921; Culwell v. State, 75 Okla. Cr. 95, 128 P. 2d 1027.

In the instant case there is no evidence in the record to show the defendant's connection with the Roy Peters place, the reputation of which the county attorney was attempting to prove. The mere fact that the defendant drove a taxicab and carried parties to this place was not a violation of law, nor evidence of his connection therewith.

For the reasons above stated, the judgment of the county court of McCurtain county is reversed, and the case remanded.

JONES, P. J., concurs. DOYLE, J., not participating.