# FLORENCE MOORE v. STATE.

No. A-5570. Opinion Filed June 11, 1926.
(246 Pac. 1112.)

 

M. D. Hartsell, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that on November 13, 1923, W. N. Hargrove and Florence Moore did sell one drink of whisky to J. P. Murray for 50 cents. On the trial, the court sustained the defendant Hargrove's demurrer to the evidence, the jury returned a verdict finding the defendant Florence Moore guilty, leaving the punishment to be fixed by the court. Motion for new trial was duly filed and overruled, and the court sentenced Florence Moore to serve 90 days in the county jail and to pay a fine of $150 and the costs. To reverse the judgment, she appeals.

The petition contains 12 assignments of error, supported by a brief of 70 pages.

The Attorney General very properly declined to offer anything in defense of the errors assigned.

J. P. Murray testified that some time during the fall 1923, he hauled cotton with J. D. Patton to Muskogee; there they went to some place where he paid a dol-

lar for something; didn't know what it was, but supposed that it was whisky; that he received some change back; that the woman gave Mr. Patton something to drink; that Mr. Stubblefield and the man that lived there were present at the time, and three or four officers came in and searched the man.

J. D. Patton testified that with Mr. Stubblefield and Mr. Murray he went to a place on North Main street, and Mr. Murray asked a lady there if she had anything to drink, and she said, "Only one left," and went and got a drink in a little glass, and he drank it, and about that time the raiding officers came in; that witness at the time was a special deputy sheriff.

R. D. Jones, undersheriff, testified that he saw Murray and Patton in Hargrove's and Florence Moore's place at 113 1-2 North Main street; that a man by the name of Stubblefield and Florence Moore were in the hallway upstairs; that he did not have a search warrant at that time, but one of the other officers did serve a warrant.

Over the defendant's objection, he was asked if he was familiar with the general reputation of that place as to being a place where whisky was sold, and answered, "Yes; the place bears a bad reputation from the standpoint of handling intoxicating liquors."

The defendants moved for a directed verdict, which was overruled as to the defendant Florence Moore. As a witness in her own behalf, she testified that she did not have any whisky there, and did not sell any man any whisky; that she lives there with her husband, W. N. Hargrove, in their five-room home.

It is well-settled rule that, before evidence is admitted of the general reputation of defendant's home as a place where intoxicating liquors are kept for sale, it

must be shown that the place itself was a place of public resort.

In Westfall v. State, 30 Okla. Cr. 115, 235 P. 270, we held that:

"Where, on a charge of selling intoxicating liquors at the place of residence of the defendant, proof on the part of the state that the general reputation of the residence as being a place where intoxicating liquors are sold is bad is not admissible."

And see Yakum v. State, 30 Okla. Cr. 184, 235 P. 253; Lotta v. State, 30 Okla. Cr. 105, 235 P. 245; Coatney v. State, 30 Okla. Cr. 270, 235 P. 942; Williams v. State, 24 Okla. Cr. 284, 220 P. 667.

Having reached this conclusion we deem it unnecessary to notice the other alleged errors.

For the error indicated, the judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.