## JENNIE BEATTY v. STATE.

No. A-5567.    Opinion Filed June 12, 1926.
(246 Pac. 1103.)

J. Hugh Nolen, J. V. Crawford, and O. A. Shaw, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty., for the state.

DOYLE, J. The information charges that in Okfuskee county, November 4, 1924, Jennie Beatty did have in her possession "about one gallon of whisky," with the unlawful

intent to sell the same. On the trial she was found guilty, and, in accordance with the verdict of the jury, was sentenced to pay a fine of $100 and be confined in the county jail for 90 days.

To reverse the judgment, she appeals, and assigns as error the overruling of motion to suppress evidence; admission of incompetent and prejudicial evidence; refusing to direct a verdict of acquittal; and misconduct of the county attorney in his argument to the jury, which tended to deprive her of a fair and impartial trial.

It appears that, under authority of a search warrant, a deputy sheriff, the chief of police, and two policemen visited the defendant's residence, on North Seventh street in the town of Okemah, and searched the house, finding two half pints of whisky.

In ruling on the motion to suppress the evidence, the trial court held the affidavit insufficient and the search warrant void, but overruled the motion on the statement of the county attorney that "he has other evidence that will make the search legal."

W. L. Payne, chief of police, testified:

"We went there about midnight; knocked on the door and spoke, and she came to the door; then stepped back and began to break fruit jars. I instructed some of the men to break in that door. I then went around the house and pushed in that way. When we gained entrance, she rushed back in the front room and laid down on the bed, and pulled the stopper out of a bottle that was under her pillow. We found two half pint bottles that had stoppers under the pillow."

Over the defendant's objections he was asked:

"Q. At that time did you know the general reputation of the place where Jennie Beatty lived as being a place where intoxicating liquors were bought and sold? A. Yes, sir.

"Q. Was it good or bad? A. Bad."

To the same effect was the testimony of Frank Gaghagen, deputy sheriff, and the same question was asked, and the same answer given, as to the reputation of defendant's residence—to all of which exception was taken.

When the state rested, the defendant asked the court to instruct the jury to return a verdict of not guilty, which the court refused to do, and allowed exception.

As a witness in her own behalf, Jennie Beatty testified that the officers forced the locks off both the doors of her home and came in, "and S. V. White and Frank Gaghagen dragged her out of bed undressed."

At the close of the evidence the defendant again moved for a directed verdict, which was overruled.

It appears that the defendant objected to the county attorney reading to the jury in his argument the affidavit for a search warrant. The court ruled:

"Counsel is admonished to refrain from the discussion of the affidavit for the search warrant, because the court has held that it is invalid and illegal, and that the search warrant issued thereon is illegal and void.

"Gentlemen of the jury, you are instructed not to consider the remarks of the county attorney with reference to the affidavit for a search warrant.

"By Mr. Catlett: It is evidence."

It also appears that counsel for the defendant objected and moved the court to instruct the jury not to consider the argument of the county attorney touching the general reputation of the private residence of the defendant, which objection was overruled and the request denied.

It is hardly necessary to say that the statement of the county attorney that the affidavit "is evidence" was under the circumstances highly improper. The rule is universal

that it is error to permit counsel, against objections, in argument before the jury, to make statements of, or comments upon, facts not in evidence. It is our opinion also that the overruling by the court of the defendant's objections to the admission of evidence as to the general reputation of the defendant's residence, and permitting the county attorney to argue the same, was prejudicial error. It is the well-settled doctrine in this state that proof that the defendant's home had the general reputation of being a place where intoxicating liquors were sold is not admissible. Westfall v. State, 30 Okla. Cr. 115, 235 P. 270; Thompson v. State, 9 Okla. Cr. 525, 132 P. 695.

A person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. Upon the record in this case we are convinced that the defendant did not have that fair and impartial trial to which she was entitled under the law.

For the reasons stated, the judgment of the lower court is reversed, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.