DAN MILLER v. STATE.

No. A-5811. Opinion Filed March 12, 1927.
(253 Pac. 1039.)

Thomas Norman, for plaintiff in error.
Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that in Carter county on the 10th day of February, 1925, Dan Miller did have in his possession two gallons of wine, with the unlawful intent to sell the same, he was tried and convicted, and in accordance with the verdict of the jury was sentenced to pay a fine of $50 and be confined in the county jail for 30 days. To reverse the judgment he appeals.

The following brief statement of the facts will be sufficient to make clear the contentions made:

Appellant, with his family, lived on a lot 100 by 150 feet, fenced with chicken wire, on the main traveled road between Ardmore and the industrial addition. The sheriff and one of his deputies searched the premises, but failed to find any intoxicating liquor. Across the road in the brush, about 100 yards from appellant's house, they found a water bottle with about two gallons of wine in it. It also appeared that there were several small houses east and west of appellant's home along this main road. One of the state's witnesses described the location of the other houses in that vicinity, and says that the wine was found about 150 yards from them.

The sheriff and his deputy, against the defendant's objections, were permitted to testify that they were acquainted with the reputation of the place where the defendant lives as being a place where intoxicating liquor is sold, and that reputation was bad.

At the close of the state's case the defendant demurred to the evidence and moved for a directed verdict.

This court has repeatedly held that, before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession, it

must be shown that the place itself was a place of public resort, not merely that it bore such reputation. Ward v. State, 15 Okla. Cr. 150, 175 P. 557; Mockabee v. State, 28 Okla. Cr. 167, 229 P. 1094; Yakum v. State, 30 Okla. Cr. 184, 235 P. 253; Welch v. State, 35 Okla. Cr. 2, 246 P. 1113.

The insufficiency of the evidence to support the verdict finding the defendant guilty of having in his possession intoxicating liquor is apparent. There was no evidence tending to prove possession by the defendant of the wine in question. He was not seen to have put it where it was found, he was not present when it was found, and no facts or circumstances were shown to prove that it had ever been in his possession.

It is a well-established principle of law that, where circumstantial evidence is relied upon for a conviction, the circumstances must be such as to exclude every other reasonable hypothesis than that of the guilt of the defendant.

From what has been said it follows that the court erred in overruling the motion for a directed verdict of acquittal.

For the reasons stated, the judgment is reversed.

EDWARDS and DAVENPORT, JJ., concur.