## U. S. CONLEY v. STATE.

No. A-6135.   Opinion Filed May 19, 1928.
(267 Pac. 491.)

John B. Ogden, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted in the county court of Carter county of selling intoxicating liquor, and sentenced to imprisonment in the county jail for a term of 60 days and to pay a fine of $100 and costs. Motion for new trial was filed and overruled; exceptions saved, and defendant appealed to this court.

Clyde Culberth, called as a witness on behalf of the state, testified in substance as follows: That he was employed by one of the deputies to go out and see if he could detect some parties selling whisky; that he went to defendant's home, and asked defendant if he had any whisky; that defendant told him he did not have any whisky, but would see if he could find some, and got in the car with the witness, and rode a short distance with him, and went away from the car, and, after a while, came back, and sold the witness some whisky. Witness claimed there were two more parties in the car with him at the time, but neither of the other parties was called by the state as a witness.

Dwight Bell, a witness for the state, over the objection of the defendant, was permitted to testify as follows:

"Q. How long have you been acquainted with this defendant? A. Some three or four years.

"Q. Do you know where he lived on the 30th day of May, 1925? A. Yes, sir.

"Q. I will ask you if you know on the 30th day of May the reputation of his place as to whether it was a place where whisky was bartered, sold, or otherwise disposed of?

"Mr. Ogden: The defendant by and through his counsel objects, for the reason it is improper, incompetent, irrelevant, and immaterial, and is only asked by the county attorney for the purpose of trying to prejudice the defendant in the eyes and minds of the jury, and asks the court to reprimand the assistant.

"Court: I will not do so.

"Mr. Ogden: Let the record show we objected to the remarks of the court.

"Q. Is that reputation good or bad? A. It is bad.

"Mr. Ogden: We respectfully move the court to strike the testimony from the consideration of the jury. Incompetent, irrelevant, and immaterial.

"Court: Overruled.

"Mr. Ogden: To which action of the court defendant excepts."

The third assignment of error is as follows:

"That the court committed error in permitting the state to offer testimony as to the general reputation of this plaintiff in error's home being a place where intoxicating liquor could be bought."

It is urged by the defendant that the court, over his objection, committed error in permitting the state to offer testimony as to the general reputation of his home being a place where intoxicating liquors could be bought, and that the ruling of the court in permitting the testimony to be introduced constituted prejudicial error. The defendant argues that he was being tried on a specific sale, and not for possession of intoxicating liquor with intent to sell. It is argued by the defendant that, if he had been on trial for the possession of intoxicating liquor with intent to sell, the evidence permitted to go to the jury would not have been competent until the proper predicate was laid by showing that his place was a place of public resort.

In Westfall v. State, 30 Okla. Cr. 115, 235 P. 270, this court held:

"That where a person is prosecuted on a charge of having possession of liquor with the intent to sell, and the proper predicate is laid, the general reputation of the place where the liquors are found is competent and admissible. Davis v. State, 16 Okla. Cr. 372, 182 P. 908; Bland v. State, 18 Okla. Cr. 514, 196 P. 732. This line of evidence is admitted in that class of cases as tending to prove the intent with which the intoxicating liquors are kept, but where a single sale is charged the intent is not an ingredient of the offense, and the reason for admitting evidence of reputation does not apply. It follows that the admission of such evidence is erroneous."

It is further argued by the defendant that, if the court

had excluded from the consideration of the jury the testimony as to the general reputation of his home, the jury would not have rendered a verdict of guilty on the testimony of state witness Clyde Culberth, contradicted as it was by the testimony of those who were at the home of the defendant the night the witness Culberth claimed he bought the whisky. The state offered no testimony to show that the home of the defendant was a place of public resort or that people congregated there at all hours of the day or night.

In Miller v. State, 36 Okla. Cr. 277, 253 P. 1039, the court uses this language:

"This court has repeatedly held that, before * * * the general reputation of a place may be received as evidence in a case of unlawful possession, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation." Yakum v. State, 30 Okla. Cr. 184, 235 P. 253; Welch v. State, 35 Okla. Cr. 2, 246 P. 1113.

The evidence in this case charges a specific sale, and it was error for the court to permit the state, over the objection of the defendant, to show the general reputation of defendant's home as a place where intoxicating liquors were sold. The testimony in this case is conflicting on the question of the sale. The witness Clyde Culberth, who testified on behalf of the state, discloses the fact that he was an employed witness to go out and try to detect parties violating the prohibitory laws, and is what might be termed a hired man or a public witness. The other parties that Culberth claims were with him at the time the purchase was made were not called as witnesses. The testimony of defendant's witnesses contradicted witness Culberth by showing they were at the home of defendant before the witness claims he came to defendant's home, and they remained there, some of them until daylight the next morning, sitting up with a grandchild of the defendant that was very sick; that they were neighbors of the defendant, and

they testify that the defendant did not leave his home that night with any one; and that he did not leave his home from the time they went there until the time they left the next morning about daylight. The record discloses that they did not have any interest in the result of the trial, and were only neighbors of the defendant.

The state offered no evidence whatever as to the home of the defendant being a place where people congregated, or to show that it was a place of public resort, or that intoxicating liquor was being kept for the purpose of bartering or selling, or giving away, the same. If the testimony complained of by the defendant had been excluded from the jury, no one can tell what the verdict of the jury would have been, and, before evidence on behalf of the state would be admissible on the question of the general reputation of the defendant's home, it must be shown that the place itself was a place of public resort, and not merely that it bore such a reputation. We think the objection of the defendant to the testimony of the state on the question of the reputation of his home was well taken, and that the court erred in not sustaining the same.

For the reasons herein stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.