## WALTER GARRETT v. STATE.

No. A-6399. Opinion Filed May 31, 1928.
(267 Pac. 683.)

Arnold & Woodruff, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   The information charges that in Adair county, on or about June 15, 1926, Walter Garrett did have in his possession about one-half gallon of whisky, with the unlawful intent to sell the same.   On the trial, the jury returned a verdict finding him guilty and assessing his punishment at imprisonment in the county jail for 30 days and a fine of $50.   To reverse the judgment rendered on the verdict, he appeals, and assigns as error the admission of evidence obtained by an unlawful search of his home, admission of incompetent and prejudicial evidence, and refusing to direct a verdict of acquittal.

The evidence shows that J. W. Ferguson, city marshal of Stilwell, accompanied by Bill Rat, and armed with a search warrant, visited the defendant's residence and searched the house, finding about one-half gallon of whisky.

The record shows that the testimony was admitted over the defendant's objections that the search warrant was invalid, having been issued on an affidavit made on information and belief.

Several witnesses were permitted to testify as to the general reputation of the defendant's home as being a place where intoxicating liquors were sold without laying a proper predicate showing that such residence was a place of public resort.

By numerous decisions of this court, it is held that an affidavit for a search warrant, made upon information, belief, or suspicion, is invalid, and a search made upon a search warrant based upon it is illegal.   Sprinkle v. State,

36 Okla. Cr. 36, 251 P. 614; Hancock v. State, 35 Okla. Cr. 96, 248 P. 1115; Brandt v. State, 34 Okla. Cr. 400, 246 P. 1106; Hall v. State, 34 Okla. Cr. 344, 246 P. 642; Magin v. State, 25 Okla. Cr. 361, 220 P. 666.

It is well settled that, before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession of intoxicating liquor, it must be shown that the place itself was a place of public resort. Moore v. State, 34 Okla. Cr. 411, 246 P. 1112; Welch v. State, 35 Okla. Cr. 2, 246 P. 1113; Beatty v. State, 34 Okla. Cr. 418, 246 P. 1103.

For the reason stated, the judgment of the lower court is reversed, and the cause remanded, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.