# JOHN WITTEN et al. v. STATE.

No. A-6325.  Opinion Filed July 14, 1928.
(268 Pac. 994.)

J. H. Foster, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Stephens county on a charge of having in their possession intoxicating liquor with intent to sell, barter, give away, or otherwise furnish the same, and sentences imposed by the court as follows:   John Witten to pay a fine of $100 and costs of the prosecution, and be confined in the county jail of Stephens county, or worked upon the roads of Stephens county, as the case may be, for a period of 60 days; and Mrs. John Witten pay a fine of $50 and cost of prosecution, and be confined in the county jail of Stephens county, or worked upon the roads, as the case may be, for a period of 30 days.  Mo-

tion for new trial was filed and overruled, exceptions saved, and defendants have appealed to this court.

The testimony is brief. C. N. Coker testified that he was on the police force at Duncan, and that he went with L. E. Toney and I. P. Gossett to the home of John Witten; that Mr. Gossett had a search warrant; they found a quart of whisky in a cabinet drawer, a pint in the north room in a dresser drawer, and a pint in a coat pocket in the front room. L. E. Toney and I. B. Gossett testified, in substance, to the same facts as witness Coker.

On direct examination C. N. Coker, witness for the state, over the objection of the defendants, was permitted to testify as follows:

"Q. Do you know the reputation of the residence of the defendants as being a place where intoxicating liquor is kept for sale?

"By Mr. Foster: Objected to as incompetent, irrelevant, and immaterial.

"By the Court: Overruled.

"By Mr. Foster: Exceptions.

"Q. Tell the jury whether or not you know the place as having a reputation of where defendants keep whisky for sale. A. Yes, sir; it does."

Further, on direct examination of the witness I. B. Gossett, the state, over the objection of the defendants, was permitted to ask the following questions and receive the following answers:

"Q. Do you know the reputation of the defendants' premises up there for being a place where intoxicating liquors are kept for sale by the defendants?

"By Mr. Foster: Objected to as incompetent, irrelvant, and immaterial.

"By the Court: Overruled.

"By Mr. Foster: Exceptions. A. Not only what I have heard.

"Q. Do you know the reputation; that is, what folks say about it? A. I have had people tell me that John was selling it."

The defendant John Witten testified, denying any knowledge of the whisky being in the house, and denied that he had any interest in it whatever. He further testified that he was not at home at the time officers came to the house.

Mrs. A. E. Moore, mother-in-law of John Witten, and mother of Mrs. John Witten, was called on behalf of the defendants, and testified that the whisky found by the officers was hers; that she obtained it about 12 o'clock the day the officers came to the house. This is in substance all of the testimony that was introduced.

The defendants have assigned ten errors alleged to have been committed by the trial court. The fourth assignment of errors is as follows:

"(4) Said court erred in admitting testimony in the case on behalf of defendants in error, which was incompetent, irrelevant, and immaterial, and prejudicial to the rights of the plaintiffs in error, which action of the court was duly excepted to by the plaintiffs in error."

It is urged by the defendants that the court, over their objection, committed error in permitting the state to offer testimony as to the general reputation of their home, as being a place where intoxicating liquor could be bought, and that the ruling of the court in permitting the testimony to be introduced constituted prejudicial error. The defendants urge that they were being tried on a charge of having possession of intoxicating liquor with the intent to sell, barter, and give away the same, and that the evidence permitted to go to the jury over their objection was incompetent for the reason that the proper predicate had not been laid by showing that their place was a place of public resort. Westfall v.

State, 30 Okla. Cr. 115, 235 P. 270; Davis v. State, 16 Okla. Cr. 372, 182 P. 908.

It is further urged by the defendants that, if the court had excluded from the consideration of the jury the testimony as to the general reputation of their home, the jury would not have rendered a verdict of guilty. The state offered no testimony to show that the home of the defendants was a place of public resort, or that people congregated there at all hours of the day or night.

In Miller v. State, 36 Okla. Cr. 277, 253 P. 1039, the court uses this language:

"This court has repeatedly held that, before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation." Moore v. State, 34 Okla. Cr. 411, 246 P. 1112; Welch et al. v. State, 35 Okla. Cr. 2, 246 P. 1113; Conley v. State, 40 Okla. Cr. 128, 267 P. 491.

The evidence in this case charges possession with intent to sell, and it was error for the court to permit the state, over the objection of the defendants, to show the general reputation of defendants' home as a place where intoxicating liquors were sold. The testimony in this case is conflicting as to the possession of the whisky. The state offered no evidence whatever as to the home of the defendants being a place where people congregated, or to show it was a place of public resort, or that intoxicating liquor was being kept for the purpose of bartering, selling, or giving away the same. No testimony was offered to show any intent to sell. We think the objection of the defendants to the testimony of the state on the question of the reputation of their home was well taken and the court erred in not sustaining the same.

There are other assignments of error urged by the

defendants, but the view we take of this record it is not necessary to consider them.

For the reasons herein stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.