## J. R. WATSON v. STATE.

No. A-6689.   Opinion Filed August 3, 1929.
(279 Pac. 934.)

Sam S. Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was convicted on a charge of unlawfully, wrongfully, and knowingly maintaining a nuisance by maintaining a place where intoxicating liquor, to wit, whisky, was kept, bartered, sold, given away, and otherwise furnished, and was sentenced to pay a fine of $50, and be confined in the county jail for a period of 30 days.  The defendant has appealed from the judgment of the trial court.

The testimony in substance on behalf of the state shows that W. P. Lindsay went to the home of the defendant, and searched the home; about the time they got in the house they claim they saw the wife of defendant pour something out of a half-gallon fruit jar; they claim it smelled like whisky; they found a five-gallon jug containing about a drink of liquid which smelled like whisky. While they were searching the house, the defendant drove up, and had a lot of bottles in his car, but there was no whisky in the bottles.  A number of questions were asked and objected to by the defendant, the objection overruled, and defendant excepted.

There is no testimony in the record showing any definite amount of whisky they claim they found at defendant's home.  In fact, the only testimony that indicates there was any whisky at all is the testimony of one of the witnesses saying they found about a drink in a jug, and another witness claims to have seen the wife of the defendant pouring something in the slop bucket from a half-gallon jar that smelled like whisky.  Neither the contents of the slop bucket nor the drink they claim to have found in the jug was analyzed, nor is there any testimony showing that any one tasted it.  The only testi-

mony tending to show that there was any whisky found at defendant's home was that it smelled like whisky, and there was no definite quantity claimed to have been found at this house.

All of the witnesses were asked, in substance, the following questions, and were permitted to answer the same, over the objection of the defendant:

"Q. Do you know the general reputation of the Watson place, being located two and one-half miles east and one mile north of Edmond? A. It was three miles east. (This question was objected to on the ground that it was incompetent, irrelevant and immaterial. The objection overruled, and defendant excepted.)

"Q. Do you know that general reputation? A. Yes, sir.

"Q. Do you know the general reputation of that place as being a place where whisky is kept, bartered, sold, given away, or otherwise furnished to divers persons? A. Yes, sir.

"Q. Is that reputation good or bad? A. Bad.

"Q. Do you know the general reputation of that place where people were permitted to go and buy whisky? A. Yes, sir.

"Q. Was that general reputation good or bad? A. Bad."

All of the questions as to the reputation of the place were objected to by the defendant, his objection overruled, and defendant duly excepted. At the close of the state's testimony, the defendant made the following motion:

"Comes now the defendant at the conclusion of the state's testimony, and moves the court to instruct the

jury to return a verdict of not guilty. Which motion was overruled and defendant duly excepted."

The defendant urges several grounds for reversal in this case; the first being that the trial court erred in overruling plaintiff in error's motion for a new trial; fourth, the verdict of the jury is contrary to the law and evidence, and not responsive to the charge laid in the information; eighth, the trial court erred in permitting the county attorney to ask improper questions and trying to prove the reputation of defendant's home; ninth, the trial court erred in refusing to direct the jury to return a verdict of not guilty.

There is no testimony in the record to show the sale of any whisky by the defendant, or that a sufficient quantity of whisky was found in the possession of the defendant to raise the presumption of the intention of the defendant to sell whisky. From a careful examination of the record in this case, we hold that the testimony is insufficient to sustain the judgment.

The defendant urges that the court erred in permitting the state, over the objection of the defendant, to go into the reputation of the defendant's home as being a place where intoxicating liquor, to wit, whisky, was kept, bartered, sold, given away, and otherwise furnished to divers persons, without having first shown that the place itself was a place where whisky was kept to sell, barter, give away, or otherwise furnish to others, not merely that it bore such reputation. Welch v. State, 35 Okla. Cr. 2, 246 Pac. 1113; Yakum v. State, 30 Okla. Cr. 184, 235 Pac. 253; Conley v. State, 40 Okla. Cr. 128, 267 Pac. 491.

The defendant insists that the testimony does not sustain the allegations in the information, and that, if

the court had excluded from the consideration of the jury the evidence as to the general reputation of his home, the jury would not have rendered a verdict of guilty on the testimony of the state witnesses.

It is further urged by the defendant that the state offered no testimony to show that the home of the defendant was a place of public resort. If the testimony of the witness, admitted over the objection of the defendant, showing the general reputation of defendant's home as being a place where intoxicating liquor was kept for the purpose of sale, had been excluded from the jury, no one can tell what the verdict of the jury would have been. This court has repeatedly held that, before evidence on behalf of the state would be admitted to show the general reputation of the defendant's home, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation. We think the state failed, first, to offer testimony sufficient to sustain the allegations in the information, and, second, that the objections of the defendant to the testimony of the state upon the question of the reputation of his home were well taken, and that the court erred in not sustaining the same. Leigh v. State, 41 Okla. Cr. 332, 273 Pac. 280.

There are other errors assigned and urged by the defendant, but, in the view we take of this record, it is not necessary to consider them. For the reasons herein stated, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.