SAM MASON v. STATE.

No. A-8155.   Jan. 23, 1932.
(7 Pac. [2d] 492.)

Morris & Wilhite, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Caddo county of a second and subsequent violation of the prohibitory liquor laws, and his punishment fixed by the jury at a fine of $50 and imprisonment in the state penitentiary for one year and one day, and appeals.

It is contended by the defendant that the trial court erred in permitting the introduction of incompetent, irrelevant, and immaterial evidence, in this, that the court permitted the state to introduce evidence that the general reputation of the defendant's residence as being a place where intoxicating liquors were kept with intent to sell the same was bad. The defendant insists that no proper predicate was laid for the admission of this evidence. With this contention we agree. The evidence introduced by the state did not lay a sufficient predicate to authorize the introduction of the evidence of the general reputation of the defendant's home as being a place where intoxicating liquors were kept, bartered, and sold. There is not sufficient evidence to show that the home of the defendant was a place of public resort. Conley v. State, 40 Okla. Cr. 128, 267 Pac. 491; Garrett v. State, 40 Okla. Cr. 195, 267 Pac. 683; Moore v. State, 34 Okla. Cr. 411, 246 Pac. 1112; Beatty v. State, 34 Okla. Cr. 418, 246 Pac. 1103; Harrington v. State, 51 Okla. Cr. 233, 1 Pac. (2d) 181; Brown v. State, 45 Okla. Cr. 234, 282 Pac. 692.

It is further urged by the defendant that the court erred in giving instruction No. 6, which is as follows

"6. You are instructed, gentlemen, that in this case the defendant had seen proper not to take the witness stand and testify in his own behalf, as, under the law, he had a right to do, but he is not required to do so, and the fact that he did not take the witness stand and testify in his own behalf, must not be considered by you as any evidence against him, neither must the same be commented upon or mentioned by you, or either of you, during your deliberations in arriving at his guilt or innocence."

Section 2698, C. O. S. 1921, is as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

Instruction No. 6 was an erroneous instruction. Sturgis v. State, 2 Okla. Cr. 362, 102 Pac. 57; Shelton v. State, 49 Okla. Cr. 430, 295 Pac. 240; Sweeney v. State, 51 Okla. Cr. 303, 1 Pac. (2d) 789.

The court should refrain from making reference to the defendant in its instructions, where the defendant failed to testify. For the reasons stated, the cause is reversed.

EDWARDS, J., concurs. CHAPPELL, J., not participating.