## ROSS HINKLE v. STATE.

No. A-8382.   Nov. 18, 1932.
Rehearing Denied Jan. 6, 1933.
(17 Pac. [2d] 523.)

Charles G. Ozmun, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter referred to as defendant, was convicted in the county court of Comanche county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $150 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that the officers with a search warrant went to the premises of the defendant; that, as they reached the place, defendant was sitting in front of a window in the front room; that as he saw the officers coming he went to the back part of the house; that the doors were locked and the officers had to cut through a screen to get into the house; that, when the officers got into the house, they heard the water filling up the toilet bowl; that a half-gallon fruit jar, with an inch of whisky in the bottom, was left in the bathroom, this evidence tending to prove that defendant had gone into the bathroom and emptied a half gallon of whisky

into the bowl of the toilet; that empty bottles, corks, funnels, and other evidence of intent to dispose of whisky were found on the premises; that the home of defendant was a place of public resort; that it was a place where persons who were in the habit of drinking intoxicating liquor made frequent visits; that defendant's residence had the reputation of being a place where intoxicating liquor was kept and sold.

Defendant did not take the witness stand to testify in his own behalf.

Defendant first contends that the court erred in not allowing him to question the searching officers, who were witnesses for the state, as to who was in possession of the search warrant at the time the search was made.

Counsel for defendant filed a motion to suppress the evidence because of the unlawful search, and attached to such motion copies of the affidavit for the search warrant and the search warrant with the return, which return showed it was directed to and served by the sheriff.

It is not intimated in the brief that the search warrant was not served, or that it was improperly served, and no offer of proof was made by the defendant. This court is left entirely in the dark as to what the answer of the witness would have been or as to what defendant expected to prove by the witnesses if they were permitted to answer. There must be some specific showing of prejudicial error. Killough v. State, 6 Okla. Cr. 311, 118 Pac. 620.

Next, defendant contends that the trial court erred in permitting the state as a part of its case to prove the general reputation of the home of defendant as being a place where intoxicating liquor was kept and sold.

The state first proved that the home of defendant was a place of public resort; that it was a place where persons who were in the habit of drinking intoxicating liquor made frequent visits. This evidence under the proof here was admissible. Kirk v. State, 11 Okla. Cr. 203, 145 Pac. 307; Ward v. State, 15 Okla. Cr. 150, 175 Pac. 557; Beatty v. State, 34 Okla. Cr. 418, 246 Pac. 1103; Welch v. State, 35 Okla. Cr. 2, 246 Pac. 1113.

Finally, defendant contends that the evidence is insufficient to support the verdict of the jury.

While the evidence is mostly circumstantial, it was sufficient to support the verdict of the jury.

For the reasons stated, the cause is affirmed.

EDWARDS, J., concurs.

DAVENPORT, P. J. (dissenting). The opinion of the majority of the court holds that the evidence in this case is sufficient to sustain a conviction. With this contention I cannot agree. The defendant is charged with possession of a half gallon of whisky with intent to violate the prohibition laws.

The testimony on behalf of the state shows that the officers claim to have smelled a strong odor of whisky when they got into defendant's house. J. D. Klepper, a deputy sheriff, testifying for the state, in substance said: "When we drove up to the house the door was locked; when we got inside we smelled whisky; there was a fruit jar setting by the stool in the bathroom with a small quantity of whisky in it; the toilet had been flushed."

G. W. Simpson, an undersheriff, testifying for the state, in substance stated: "We opened the door and went immediately to the bathroom and there found a half

gallon jar with about one-half an inch of red whisky in the bottom; we smelled the fumes of whisky in the room."

This is all the testimony in the record as to any whisky being found in the defendant's home, and the greatest quantity any witness put it is one-half an inch in the bottom of the fruit jar. This amount is not sufficient to make it prima facie evidence of an intent to barter, sell, give away, or otherwise furnish the same.

I have read the record carefully, and I find no evidence on behalf of the state that shows, as stated in the majority opinion, that a fruit jar with an inch of whisky in the bottom was left in the bathroom. Some of the witnesses testified they found some empty bottles, corks, and a funnel on the defendant's premises. They do not state the number, or where they were found. In fact, it is an indefinite statement that these articles were found on defendant's premises.

The state, over the objection of the defendant, then went into the reputation of the defendant's place as being a place of public resort. Neal Christain, testifying for the state, was asked the following questions and gave the following answers: "Q. Mr. Christain, do you know whether or not Ross Hinkle's home is a place of public resort?"

After defendant's objection was overruled:

"A. We had a lot of complaints.

"Q. Have you had an opportunity to observe the traffic around the house? A. Yes, sir.

"Q. Just tell what leads you to believe that it was a place of public resort? A. Two cars drove in while we was there.

"Q. Did they stay there after you arrived? A. No."

In one answer witness says two cars drove up while the officers were there, and in the next he says they did not stay after we arrived. These two answers cannot be harmonized. If the two cars drove up to defendant's place while the officers were there, they could not stay there when the officers arrived, as they were not there. One or the other of the statements is incorrect, and clearly shows the officer was trying to bolster up his statement that the defendant's place was a place of public resort.

The fact that empty bottles, corks, and a funnel were found on defendant's premises is not evidence sufficient to sustain a charge of possession with intent to sell. I dare say that there is not a home in the state in or around which empty bottles, corks, or a funnel cannot be found. If Ross Hinkle is guilty, he ought to be punished, but he should not be punished upon such evidence as presented by the state. The record in this case clearly shows many questions were asked, and permitted by the court to be answered over the objections of the defendant, relating to the reputation of the defendant's place being a place of public resort, which was incompetent and tended to prejudice the rights of the defendant. I therefore insist that the testimony in this case is insufficient to sustain the conviction, and that the case should be reversed.