## HOMER HOPKINS v. STATE.

No. A-9897.  Dec. 17, 1941.
(120 P. 2d 371.)

Roy White, of Eufaula, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Homer Hopkins, was charged by information in the county court of McIntosh county, on December 4, 1939, with the offense of unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve 60 days in the county jail and to pay a fine of $100, from which judgment and sentence he appeals to this court.

The Attorney General has filed in this case a confession of error, stating:

"Comes now the defendant in error herein, State of Oklahoma, by and through the Attorney General, and respectfully shows to this court that * * * the second assignment of error is such that under the decisions and controlling cases of this court that the same constitutes reversible error * * * said second assignment of error as urged being as follows:

" 'That the trial court erred in permitting the introduction of evidence with regard to the general reputation to the residence of the defendant as being a place where liquor was kept and sold in violation of law, without first having proof that said residence was a public place or a place of public resort.'

"The record in this case shows that the only testimony offered on the part of the county attorney before the trial court was the testimony of Cliff Goldsmith, Milo Beck, and Roy Morgridge, Investigators from the Department of Public Safety of the State of Oklahoma, and the sheriff of McIntosh county, John McQuillen. The first three witnesses' testimony being limited to the visit of said investigators to the home of the defendant, Homer Hopkins, where a search warrant was served and a quantity of whisky seized thereunder. None of these witnesses being asked, nor having given any testimony, concerning said premises, other than describe it as the home of Homer Hopkins. The testimony of the sheriff as to the pertinent portion thereof being as follows: That said sheriff went to Homer Hopkins' place a short time after the enforcement officer had served the search warrant and found the

whisky in response to the question, 'At that time and prior to that time, did Homer Hopkins' house bear a reputation where people congregated?'

"This was objected to and the court thereupon stated: 'I think at this time the objection should be sustained.'

"The county attorney then asked the sheriff the following question: 'Were you acquainted with the reputation of Homer Hopkins' place on this date and prior to December 2nd, as to whether or not it was a place to where the public resorted and whisky was being sold?' 'Mr. White: We object.' 'The Court: Overruled.' 'Mr. White: Exceptions.' 'Q. What was the reputation?' Again objected to because of its incompetency, and overruled. 'A. Bad.' 'Q. Did the place bear a poor reputation as a place where whisky could be bought? A. Yes, sir.' 'Q. Place where people congregated? A. I don't know about that.' 'Q. I am talking about the reputation. A. I never seen them.' 'Mr. White: I move that all the evidence offered about the reputation of the place be stricken from the record.' 'The Court: On what grounds?' 'Mr. White: You can't prove that it is actually such a place.' 'The Court: Overruled.' 'Mr. White: Exceptions.' This is the entire record and testimony offered on the part of the county attorney on this point.

"It thus clearly appears from this record that the testimony of the state enforcement officer showed that the place searched and where the whisky was found was a residence or home of Homer Hopkins. There was no testimony offered * * * to show that said home * * * was a place of public resort. * * *"

The Attorney General cites the case of Conley v. State, 40 Okla. Cr. 128, 267 P. 491, which states:

"Evidence of general reputation of a defendant's home is inadmissible until it is first shown that the place itself was a place of public resort, and not merely that it bore such a reputation." Mason v. State, 53 Okla. Cr. 76, 7 P. 2d 492; Garrett v. State, 40 Okla. Cr. 195, 267 P. 683; Yakum v. State, 30 Okla. Cr. 184, 235 P. 253.

We are of the opinion that the position of the Attorney General is well taken; and for the reason that evidence as to the general reputation of defendant's home was admitted in evidence without a proper predicate being laid, the case must be reversed.

This case is accordingly reversed and remanded to the trial court.

BAREFOOT, P J., and DOYLE, J., concur.