TURNER CULWELL et ux. v. STATE.

No. A-9997.   Sept. 2, 1942.
(128 P. 2d 1027.)

T. Justin Hinshaw and John Law, both of Norman, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendants, Turner Culwell and Mrs. Turner Culwell, were jointly charged in the county court of Cleveland county with the unlawful possession of one-half gallon of whisky, were tried, convicted and sentenced to serve 60 days in the county jail and pay a fine of $100 each, and have appealed.

Three officers testified for the state that they went to the farm home of the defendants on the date in question and found one-half gallon of whisky in a jar in a woodbox.  After testifying as to the finding of the whisky, each of the officers, over the objection and exception of the defendants, were asked concerning the reputation of the defendants' home as being a place where whisky is kept for sale, and the officers each testified that the reputation as such place in that community for that purpose was bad.

It is urged that the admission of this testimony without laying a predicate by first showing that said home was a place of public resort is prejudicial error.

The objection of defendants' counsel to this testimony should have been sustained. It clearly appears from the record that the place searched and where the whisky was found was the home of defendants. Some attempt is made to justify the admission of this evidence in the brief of the Attorney General by reference to the testimony of the undersheriff on cross-examination that he had seen people driving out to said premises. No attempt was made by the state to show the home was a place of public resort on direct examination, and this statement by the undersheriff on cross-examination after the evidence had been admitted is too meager to cure the error.

The testimony of the defendants was to the effect that the whisky was not kept by them for the purpose of sale, but was used strictly as a medicine, and that the whisky which was seized had other compounds mixed with it to give to a mare which was suffering from the colic.

The possession being admitted, the question of intent with which the possession was had was the material element, therefore, which the state had to prove, and the testimony of the officers as to the general reputation of the home of the defendants, no doubt, carried considerable weight with the jury in determining their verdict.

In the recent case of Hopkins v. State, 73 Okla. Cr. 292, 120 P. 2d 371, it is stated:

"Before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession of intoxicating liquors, it must be first shown that the place itself was a place of public resort, not merely that it bore such reputation." Conley v. State,

40 Okla. Cr. 128, 267 P. 491; Mason v. State, 53 Okla. Cr. 76, 7 P. 2d 492; Garrett v. State, 40 Okla. Cr. 195, 267 P. 683; Yakum v. State, 30 Okla. Cr. 184, 235 P. 253.

For the reason that evidence as to the general reputation of defendants' home was admitted without a proper predicate being laid, the case must be reversed.

This case is accordingly reversed and remanded to the trial court, with instructions to grant defendants a new trial.

BAREFOOT, P. J., and DOYLE, J., concur.